(November 25, 1911.)

# HOWARD C. PARK, Appellant, v. AXEL J. BRANDT et al., Respondents.

[119 Pac. 877.]

PROMISSORY NOTE—PURCHASE BEFORE MATURITY—EVIDENCE OF GOOD FAITH OF PURCHASER—INSTRUCTIONS CONSIDERED.

(Syllabus by the court.)

1. Evidence in this case examined and *held* to be sufficient to support the verdict of the jury, and approving *Park v. Johnson*, 20 Ida. 548, 119 Pac. 52, decided by this court.

2. In an action upon a promissory note given in payment for the purchase of a stallion, where it appears that the sale of such stallion is made by an agent of the principal, it is proper to show the representations and statements made by such agent where fraud and misrepresentations and breach of warranty are plead as a defense, and the principal is bound by such representations and warranties made by such agent, and such evidence may be considered by the jury in determining the good faith in the purchase of such note from such principal, where such purchaser took such note with knowledge of such facts or knowledge of circumstances which would lead a reasonable and prudent man to know such facts at the time such purchase was made.

3. In an action upon a promissory note, where fraud and breach of warranty are plead as a defense, it is error for the trial court to incorporate as a part of an instruction the following language: "The court charges you as a matter of law that a wilful ignorance of facts is as much evidence of bad faith as actual knowledge of the same"; by use of this language the court invades the rights and privileges of the jury in determining the weight of the evidence, inasmuch as the court advises the jury that wilful ignorance of facts has as much weight as actual knowledge of the same.

4. The instructions in this case examined, and some are erroneous, yet taken as a whole no prejudicial error was committed.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robert N. Dunn, Judge.

Action upon a promissory note. Judgment for defendants; plaintiff appealed. *Affirmed.*

Elder & Elder, for Appellant.

Evidence of transactions wholly disconnected with the transaction under consideration is entirely incompetent, and will not be admitted, as such testimony could only have the effect of prejudicing the rights of the plaintiff in this action. (*Elliott v. Lyman,* 85 Mass. 110; *Sutter v. Lackman,* 39 Mo. 91; *Canon v. National Bank,* 3 Neb. (Unof.) 348, 91 N. W. 585.)

In order to impute notice to the plaintiff, the circumstances must be so pointed and emphatic as to amount to proof of *mala fides* in abstinence of inquiry or such as to be *prima facie* inconsistent with any other view than that there is something wrong in the title, and thus amount to the constructive notice. (1 Daniel on Neg. Inst., 799; *Horton v. Bayne,* 52 Mo. 533; *Lee v. Whitney,* 149 Mass. 447, 21 N. E. 948.)

There is no connection whatever between the facts surrounding the making of the note which was sued on in this action and the facts brought out on cross-examination of the witness Park, in regard to his knowledge of other notes; the evidence was irrelevant, incompetent and immaterial and not proper cross-examination. (*Otillie v. Waechter,* 33 Wis. 252; *Elliot v. Lyman,* 85 Mass. 110; *McGuire v. Kenefick,* 111 Iowa, 147, 82 N. W. 485; *Brown v. Schock,* 77 Pa. 471; *Phila. & T. R. Co. v. Stimpson,* 14 Pet. (U. S.) 448, 10 L. ed. 535; *State v. Anthony,* 6 Ida. 388, 55 Pac. 884.)

When a purchaser of a note proves that he is the owner and that he paid value for the note before maturity, and that he had no notice of the defenses against the note, then before it is competent for the defendants to introduce evidence showing fraud in the inception of the note, they must introduce some evidence tending to show that the plaintiff had notice of the fraud. (*Drover Nat. Bank v. Blue,* 110 Mich. 31, 64 Am. St. 327, 67 N. W. 1105; *Reeve v. Liverpool etc. Ins. Co.,* 39 Wis. 520; *Wetmore v. Markoe,* 196 U. S. 68, 25 Sup. Ct. 172, 49 L. ed. 390, 2 Ann. Cas. 265; *Catlin v. Hensen,* 1 Duer

(N. Y.), 310; *Hart v. Potter,* 4 Duer (N. Y.), 458; *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525.)

There was no evidence introduced showing that plaintiff had knowledge of any facts at the time of purchasing the instrument in question that would show bad faith on his part. (*Bothwell v. Corum,* 135 Ky. 766, 123 S. W. 291; *Goetz v. Bank of Kansas City,* 119 U. S. 551, 7 Sup. Ct. 318, 30 L. ed. 515.)

The jury was not warranted in disregarding the positive and direct evidence of the plaintiff to the fact that he had no knowledge or notice of these fraudulent transactions. (*American Nat. Bank v. Lundy* (N. D.), 129 N. W. 99; *Jennings v. Todd,* 118 Mo. 296, 40 Am. St. 373, 24 S. W. 148.)

Even though the assignee be in possession of facts or circumstances sufficient to arouse suspicion in the mind of a person of ordinary prudence, and though he is guilty of negligence in not first.following up such information for the purpose of disclosing the fraud or illegality to which the suspicious circumstances may seem to point, he may recover against the maker. (*Bank v. McClelland,* 9 Colo. 608, 13 Pac. 723; *Tourtelotte v. Brown,* 1 Colo. App. 408, 29 Pac. 130; *Coors v. Bank,* 14 Colo. 202, 23 Pac. 328, 7 L. R. A. 845; *Rand v. Stationery Co.,* 1 Colo. App. 270, 28 Pac. 661; *Swift v. Smith,* 102 U. S. 442, 26 L. ed. 193; *First State Savings Bank v. Webster,* 121 Mich. 149, 79 N. W. 1068.)

Whitla & Nelson, for Respondents.

It was proper for the jury to pass upon the question of good faith. (*Park v. Winsor* (Minn.), 132 N. W. 264; *Citizens' Savings Bank v. Houtchens* (Wash.), 116 Pac. 866.)

Considering the numerous reports in which the courts have passed upon McLaughlin Brothers' paper, we think there is no question but what one taking this paper now simply takes it with full knowledge of the fraudulent and swindling transactions of McLaughlin Brothers, as the courts of last resort of every state under the negotiable instruments law have sustained verdicts against them based upon similar state of

facts. (*City National Bank v. Jordan,* 139 Iowa, 499, 117 N. W. 758; *Union Nat. Bank v. Winsor,* 101 Minn. 470, 118 Am. St. 641, 112 N. W. 999, 11 Ann. Cas. 204; *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525; *Citizens' Savings Bank v. Houtchins, supra; Park v. Winsor, supra; Hallowell v. McLaughlin Bros.,* 136 Iowa, 279, 111 N. W. 428, 121 N. W. 1039.)

The jury had a right to consider the knowledge of the plaintiff, as he could not remain wilfully ignorant of facts which were apparent on the transactions of McLaughlins and then claim good faith. (*Johnson County Bank v. Rapp,* 47 Wash. 30, 91 Pac. 382; *State National Bank v. Bennett,* 8 Ind. App. 679, 36 N. E. 551; 2 Ency. of Ev. 526; *Kirby v. Berguin,* 15 S. D. 444, 90 N. W. 856.)

STEWART, C. J.—This is an action upon a promissory note executed by respondents to McLaughlin Brothers, and by them indorsed and transferred to appellant. The complaint is in the ordinary form and alleges that the note sued upon was sold and delivered to the plaintiff for value before maturity, and that the plaintiff is now the owner and holder thereof. The answer puts in issue the allegations of the complaint, and affirmatively pleads fraud, want of consideration, breach of warranty and false representations on the part of McLaughlin Brothers in the inception of the note.

The cause was tried to a jury and a verdict rendered in favor of the respondents. Judgment was rendered in accordance with the verdict. This appeal is from the judgment and also from an order overruling the motion for a new trial.

Sixty-one errors are assigned, thirty-two of which errors relate to the ruling of the trial court in permitting certain questions to be asked plaintiff upon cross-examination. All of these errors were fully discussed and passed upon by this court in *Park v. Johnson,* recently decided by this court and reported *ante,* p. 548, 119 Pac. 52. In that case the plaintiff was the same as in the case under consideration, and the note in suit was given in payment of the purchase of a stallion sold by the same McLaughlin Brothers, and the only difference in the two transactions is the names of the defendants,

and in the former case one Wood was the agent of McLaughlin Brothers, while in the case now under consideration one Byers was the agent who made the sale. The evidence, however, is practically the same. What this court said in that case applies in this case, and justifies this court in holding that the evidence in this case is sufficient to support the verdict of the jury and that the trial court committed no error in his ruling upon the questions asked the plaintiff upon cross-examination, and that such inquiries were proper cross-examination ·and that the evidence was relevant, competent and proper.

In principle, we think the case of *City National Bank v. Jordan,* 139 Iowa, 499, 117 N. W. 758, and the case of *Citizens' Savings Bank v. Houtchens* (Wash.), 116 Pac. 866, support the decision of this court. These two cases to which reference has thus been made were cases in which the courts were dealing with promissory notes executed to the same McLaughlin Brothers who were payees of the note involved in this case, and were given under the same circumstances and in like cases as the case now under consideration. These cases are likewise supported in many of the questions involved by the following cases where the same McLaughlin Brothers were payees of the notes, and such notes were given under circumstances very much like the one now under consideration. (*Hallowell v. Mc-. Laughlin Bros.,* 136 Iowa, 279, 111 N. W. 429; *Union National Bank v. Winsor,* 101 Minn. 470, 118 Am. St. 641, 112 N. W. 999; *Hallowell v. McLaughlin Bros.* (Iowa), 121 N. W. 1039.)

A reading of these cases will throw much light upon the transactions of the McLaughlin Brothers and their relationship with persons who had purchased promissory notes given to McLaughlin Brothers under the same circumstances and for like payment as the case now under consideration, and discuss many legal questions which are interesting and of value in such cases, and all of which we think clearly hold that promissory notes given under the circumstances discussed by this court in the cases of *Winter v. Nobs,* 19 Ida. 18,·112 Pac. 525, and *Park v. Johnson, supra,* and the present case, are tainted with fraud in their inception, and that a purchaser

of such notes under like circumstances is not a holder in good faith before maturity.

Assignments of error from 32 to 42 relate to the action of the court in allowing evidence in regard to fraudulent representations made by Byers, the agent of McLaughlin Brothers, made to defendants, at the time their signatures were procured to the note. We think the court did not commit any error in allowing this evidence. Byers was the agent of McLaughlin Brothers; it was he who negotiated the sale to the defendants, and it was his representations as the agent and representative of McLaughlin Brothers that induced the defendants to execute the note sued upon; and it was perfectly proper to introduce evidence showing the representations made by Byers at the time the sale was made and the note was executed and their falsity, as McLaughlin Brothers were responsible for the representations made by Byers in the course of his employment and while acting as such agent; and the plaintiff in this case, as the purchaser of said note from McLaughlin Brothers, is bound by such representations the same as McLaughlin Brothers would be bound, provided the plaintiff was not a purchaser in good faith and before maturity, and this question was one for the jury to determine. (*Shellenberger v. Nourse, ante,* p. 323, 118 Pac. 508.)

Assignments of error Nos. 42 to 49, inclusive, relate to the action of the trial court in refusing to give certain instructions requested by the plaintiff. We shall not discuss these requested instructions. The cases of *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525, and *Park v. Johnson,* heretofore referred to, fully discuss the questions involved in these requested instructions, and we are satisfied that the trial court committed no error in refusing to give them.

Counsel for appellant contend that the trial court erred in adding to the definition of a holder in due course, as provided by the statute, certain explanations and modifications thereof. This same objection was urged in the case of *Park v. Johnson, supra,* and passed upon and the instruction disapproved, but held not prejudicial error, and the court again disapproves said instruction, but holds that the same was not

prejudicial error when taken into consideration with the other instructions given by the trial court.

Objection is also urged to instruction No. 14 given by the trial court. This instruction reads as follows:

"The court instructs the jury that in considering the question whether or not the plaintiff is a holder of the instrument sued on in good faith, you may consider the fact, if shown in evidence before you, as to whether or not the plaintiff has attempted to recover on the promissory note from the indorsers, that is McLaughlin Brothers, as he has a right to proceed against McLaughlin Brothers as the indorsers of the said promissory note to recover the amount due thereon from the indorsers.

"You may also consider as to whether or not, if given in evidence before you, the plaintiff knew or was acquainted with the defendants, or any of them."

We have discussed in the case of *Park v. Johnson, supra,* the right to show by evidence in this class of cases whether the plaintiff has attempted to recover on the promissory note from the indorsers, McLaughlin Brothers, as a circumstance which may be taken into consideration by the jury in determining the question of good faith of the plaintiff in purchasing the note from McLaughlin Brothers in connection with all the facts in the case, and we think it is proper in such cases that the jury may take into consideration the fact that the plaintiff was well acquainted with McLaughlin Brothers, the indorsers, and knows them to be perfectly responsible upon the note purchased, but notwithstanding such fact, upon default of payment brings suit against the makers of the note who are strangers to him, and with whose financial responsibility the plaintiff is unacquainted; and consider such facts in determining whether or not the plaintiff was a purchaser in good faith and before maturity. For this reason this instruction is not error.

Exception is also taken to instruction No. 15. This instruction reads as follows:

"The court instructs the jury that if you find from the evidence in this action that the plaintiff, Howard C. Park, prior

to the time he claims to have purchased the note in controversy, had purchased other notes from McLaughlin Brothers, and had controversy over said notes and had been compelled to commence action against the makers to collect the same, and in such actions the defense of fraud in the inception of the note, or securing the note by false and fraudulent representations, has been set up, and that plaintiff knew that such defenses were being made to the notes secured by McLaughlin Brothers, for the sale of stallions, and made no inquiry regarding the note in controversy whatever, such facts may be considered by you in determining whether the plaintiff is a holder in good faith, and the court charges you as a matter of law that a wilful ignorance of facts is as much evidence of bad faith as actual knowledge of the same.''

The latter part of said instruction is clearly erroneous and should not have been given; it is as follows: ''And the court charges you as a matter of law that a wilful ignorance of facts is as much evidence of bad faith as actual knowledge of the same.'' We do not believe that a person purchasing a promissory note is placed in a position where he cannot recover unless he fully investigates all the facts in relation to the execution of such promissory note, or if he does not do so, he is guilty of bad faith the same as though he had actual knowledge of such facts. What the plaintiff was required to do was to exercise such care as an ordinarily prudent man would do under like circumstances, but the mere wilful ignorance of facts would not necessarily establish bad faith in the purchaser, even though it be shown that there was fraud in the execution of such note. If the facts, however, are such as would lead an ordinarily prudent man to investigate, and an investigation is not made, then such failure may be taken into consideration in determining whether the purchase was made in good or bad faith. But the mere fact that the plaintiff was ignorant of such facts, even though wilfully, is not equivalent to active knowledge of such facts. By this language the court invades the rights and privileges of the jury in determining the weight of the evidence, for in this language the court advises the jury that wilful ignorance of facts has

as much weight as actual knowledge of the same. The weight of the evidence is a question purely for the jury and not for the court, and the trial court should refrain in the instruction from advising the jury as to the weight of the evidence. The instruction, however, taken in connection with the other instructions in the case, we think was not prejudicial error.

Objection is also made to the giving of instruction No. 17 as follows:

"The court instructs the jury that the positive statements of the plaintiff as to his actions in purchasing the note in question are not necessarily to be taken as conclusive by the jury, but you should consider all of the circumstances and facts known and given in evidence and determine from all of the facts and circumstances surrounding the alleged purchase, together with statements of the plaintiff, as to whether or not the plaintiff is such *bona fide* purchaser."

We see no objection to this instruction. It seems to comprehensively advise the jury that the positive statements of the plaintiff in relation to the purchase of the note are not conclusive, and that the jury may consider all the circumstances and facts known and given in evidence, and from such facts and circumstances, together with the statements of the plaintiff, determine whether the plaintiff was a *bona fide* purchaser. We think this is a correct statement with reference to the duty of the jury to determine from the evidence the weight and effect of the plaintiff's statements.

Other instructions have been excepted to, some of which should have been omitted, but in view of the rule announced in the cases of *Winter v. Nobs* and *Park v. Johnson, supra,* we do not believe them prejudicial error.

The judgment is affirmed. Costs awarded to respondents.

Ailshie and Sullivan, JJ., concur.