(April 10, 1912.)

EDGAR J. VAUGHAN, Appellant, v. AXEL J. BRANDT et al., Respondents.

[123 Pac. 591.]

COMMERCIAL PAPER—INNOCENT PURCHASER—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1.   Evidence in this case examined and *held* sufficient to support the verdict and judgment.

2.   The mere fact of the purchase, by one who invests his money in commercial paper, of a promissory note fair and regular on its face, from a person who has lawsuits over the collection of other notes, or who has a shady reputation as to his business transactions, is not of itself sufficient to put an otherwise *bona fide* purchaser on notice that there was fraud practiced in the procurement of the note.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. John M. Flynn, Judge.

Action on a promissory note.   Judgment for defendants. Plaintiff appeals.   *Affirmed.*

Opinion of the Court—Ailshie, **J.**

Reed & Boughton, for Appellant.

Those who execute negotiable paper and set it afloat are chargeable with a much higher degree of diligence and caution than is chargeable to those who purchase such paper in the due and regular course of commercial transactions. (*Vaughan v. Johnson*, 20 Ida. 669, 119 Pac. 879.)

Whitla & Nelson, for Respondents.

The respondents in this case contend that anyone seeking to make a claim in good faith on the purchase of McLaughlin Bros.' paper must show such a state of facts and such a lack of knowledge of McLaughlin Bros.' transactions that they will entirely get away from the taint of fraud with which all these notes are marked. (*City Nat. Bank v. Jordan*, 139° Iowa, 499, 117 N. W. 758; *Citizens' Savings Bank v. Houtchens*, 64 Wash. 275, 116 Pac. 866; *Hallowell v. McLaughlin Bros.*, 136 Iowa, 279, 111 N. W. 429; *Union Nat. Bank v. Windsor*, 101 Minn. 470, 112 N. W. 999; *Hallowell v. McLaughlin Bros.* (Iowa), 121 N. W. 1039; *Winter v. Nobs*, 19 Ida. 18, 112 Pac. 525; *Park v. Windsor*, 115 Minn. 256, 132 N. W. 264; *City Nat. Bank v. Windsor* (Minn.), 133 N. W. 961; *Park v. Johnson*, 20 Ida. 548, 119 Pac. 52; *Park v. Brandt*, 20 Ida. 660, 119 Pac. 877; *Vaughan v. Johnson*, 20 Ida. 669, 119 Pac. 879.)

AILSHIE, J.—This action was instituted to recover on a promissory note. The defense was interposed that fraud was practiced by the payee in procuring the execution of the note and that it was given as payment of the purchase price for a stallion, and that the agent of the payee represented that the note should not be completed or delivered until sixteen signers had been procured, and that among them should be two persons who were well known to the other signers as men of good financial standing, and that in truth and fact neither of them ever signed or executed the note. A further defense was interposed that the horse was never delivered to the defendants, and that they never received any considera-

tion whatever for the execution of the note. It was also alleged that the plaintiff Vaughan had notice of the fraud practiced in the execution of the note and the failure of consideration, and that he was not an innocent purchaser.

Substantially the same defense was made in this case as was made in *Vaughan v. Johnson,* 20 Ida. 669, 119 Pac. 879; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 152; *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 575.

The only serious question presented for our consideration on this appeal is whether there has been any substantial evidence produced to show or tend to show that Vaughan had notice of the fraud entering into the execution of this note or the failure of consideration. We shall not undertake to review the evidence. It is sufficient to say that it is of a shadowy and vague character. We are not prepared, however, to say that there is no evidence whatever that would justify a jury in concluding that Vaughan had notice of the defects in this instrument or the nature and character of the transaction out of which it arose. For that reason we have concluded to affirm this judgment. We feel, however, like reiterating what was said by this court in *Vaughan v. Johnson, supra,* that:

"The frequency with which such defenses as the one set up in this case are being pleaded reminds us that there is either a grave need of invoking the criminal statutes of this state against persons who are procuring the execution of negotiable paper through fraud, deception and misrepresentation, or else there is gross negligence on the part of many who are executing such paper, and sending it broadcast in the channels of commerce."

It should be remembered, and we take this opportunity of saying, that the mere fact of the purchase by one who invests his money in commercial paper of a promissory note, fair and regular on its face, from a man who has had lawsuits over the collection of some of his paper, or even who has a shady reputation as to his business transactions, is not of itself sufficient to put an otherwise *bona fide* purchaser on

notice that there was fraud practiced in the execution of the note.

The judgment in this case will be *affirmed,* and it is so ordered. Costs awarded in favor of respondents.

Sullivan, J., concurs.

STEWART, C. J., Concurring in the Conclusion.—I concur in the conclusion reached in the majority opinion, but I do not concur in the language used in that opinion in commenting upon the evidence in the case. I do not think the evidence is in any way shadowy or vague. To my mind it is clear and conclusive and, as this court has held in a number of similar cases, sufficient to warrant this court in affirming judgments against the plaintiffs in each case. The evidence in the present case is similar and establishes practically the same state of facts and conditions as were proven in the case of *Winter v. Nobs,* 19 Ida. 18, 112 Pac. 525, and also in the case of *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877, in which cases the evidence is specially discussed and referred to, and if such a state of facts is not sufficient to prove knowledge on the part of the plaintiff of a state of facts surrounding the transaction which resulted in the execution of such note which would establish bad faith on his part in purchasing the same, then a rule would be exacted which would render it impossible under the ordinary rules of evidence for a signer of a promissory note who had executed the same through fraud and deception to establish the bad faith of a purchaser before maturity.