(February 22, 1913.)

## THE SOUTHWEST NATIONAL BANK OF KANSAS CITY, a Corporation, Appellant, v. H. D. BAKER et al., Respondents.

[130 Pac. 799.]

PROMISSORY NOTE—HOLDER IN DUE COURSE—EVIDENCE.

1.   A holder in due course is a holder who has taken the instrument under the following conditions: First, that the instrument is complete and regular upon its face; second, that he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such were the fact; third, that he took it in good faith and for value; fourth, that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

2.   A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce the payment of the instrument for the full amount thereof against all parties liable thereon.

3.   Under the provisions of sec. 3514, Rev. Codes, fraud, misrepresentations and no consideration are not available as a defense, where the evidence clearly shows, and is in no way contradicted, that the plaintiff is the holder of the note sued upon free from any defect of title of prior parties and free from defenses available to prior parties among themselves.

4.   Evidence in this case examined, and *held* that the evidence is positive, certain and uncontradicted that the instrument is

complete and regular upon its face, and that the plaintiff purchased the note in controversy in the usual course of business of the bank in good faith and for value, before maturity, and at the time of the purchase without notice that said note had been dishonored or of any infirmity in the instrument or defect in the title of the person negotiating it.

APPEAL from the District Court of the Ninth Judicial District for Fremont County.   Hon. James G. Gwinn, Judge.

Action to recover upon a promissory note.   *Reversed.*

Soule & Soule, for Appellant.

The lower court erred in refusing to give an instruction copied from the opinion of this court in the case of *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816. The jury should have been informed as to the duty of the makers of notes in regard to the degree of diligence they should exercise and to which they are held.

Millsaps & Moon, for Respondent.

"Whether plaintiff in such a case has satisfactorily met the burden of proof to make good his claim to be an innocent purchaser is a question of fact for the jury, and is subject to the same rule as to its weight and sufficiency as any other fact in the case; and the jury had a right to determine it in the light of all the facts and circumstances presented in the case." (*Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1012C, 302, 112 Pac. 525; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816; *Winter v. Hutchins,* 20 Ida. 749, 119 Pac. 883; *Goodman v. Simonds,* 61 U. S. 343, 15 L. ed. 934; *Shellenberger v. Nourse,* 20 Ida. 323, 118 Pac. 508; *City National Bank v. Jordan,* 139 Iowa, 499, 117 N. W. 758; *Citizens Sav. Bank v. Hutchens,* 64 Wash. 275, 116 Pac. 866; *Hallowell v. McLaughlin Bros.,* 136 Iowa, 279, 111 N. W. 429; *Union National Bank v. Windsor,* 101 Minn. 470, 118 Am. St. 641, 11 Ann. Cas. 204, 112 N. W. 999; *Hallowell v. McLaughlin Bros.* (Iowa), 121 N. W. 1039;

*Park v. Windsor,* 115 Minn. 256, 132 N. W. 264; *City National Bank v. Windsor,* 116 Minn. 422, 133 N. W. 961; *Union National Bank v. Mailloux,* 27 S. D. 543, 132 N. W. 168.)

The notes of McLaughlin Bros. are so fraudulent, and such fact is so well known, that it becomes incumbent upon the one purchasing the same to show that he did not know of the conditions surrounding the execution of the note, as the notes have been so often declared fraudulent by the courts of last resort. (*Union Inv. Co. v. Wells,* 39 Can. Sup. Ct. 525; 11 Am. & Eng. Ann. Cas. 33.)

STEWART, J.—This is an action to recover the sum of $1,423, with interest, upon a promissory note dated October 17, 1907, and executed by the defendants in favor of Mc-Laughlin Bros., and by McLaughlin Bros. indorsed and sold to plaintiff for value. The defendants filed an answer and admitted the execution of the note and that such note was given as a part of the purchase price of a certain stallion sold by McLaughlin Bros. to the defendants, and that such sale was made upon misrepresentation and fraud upon the part of McLaughlin Bros., and that said note was acquired by plaintiff subsequent to maturity and without value, and that said note is held by plaintiff for collection only and for the purpose of defrauding the defendants, and that the plaintiff was not the *bona fide* owner or holder in good faith, or in due course.

Upon the issues thus presented the cause was submitted to a jury and a verdict was rendered in favor of the defendants. This appeal is from the judgment.

The first error assigned is, that the evidence is insufficient to sustain or support the verdict of the jury. Two questions are involved: First, was the note sued upon in this action secured and obtained from the defendants through fraud and misrepresentation? Second, if the evidence in this case shows that the note was obtained through fraud and misrepresentation, did plaintiff become the purchaser and holder of the note in due course under the provisions of sec. 3509, Rev. Codes, and is he protected as provided by sec. 3514, Rev. Codes?

The evidence is positive, certain and in no way contradicted that the plaintiff purchased the note in controversy on the 1st day of February, 1909; that he paid for said note the sum of $1,228.19, and that the purchase of the note was in the usual course of business of the bank for the profit that would arise by reason of the purchase; that at the time the note was purchased it was the first transaction that the appellant bank had ever had with McLaughlin Bros., and was a part of a transaction between the bank and McLaughlin Bros., which in the aggregate amounted to over $93,000; that the only information plaintiff had as to the signers of the note was a letter from the Ashton State Bank, of Ashton, Idaho, signed by F. X. Dolenty, dated October 19, 1907, directed to McLaughlin Bros., in which the writer of such letter stated:

"At request of your representative, Mr. W. H. Homer, I have examined three promissory notes given to your firm each in the sum of $1,200, signed by Messrs. H. D. Baker, Morgan Knapp, J. H. Rankin, Perry D. Grube, Atcherly, Sharp, et alia, and believe same to be good responsible men, and the paper worth its face value at any time. These men are all representative men in this community and have always been able to fulfill their contracts."

The bank, however, made no inquiry as to the consideration for which the note was given or the responsibility of the makers of the note, but did know that McLaughlin Bros. was a responsible concern. The note was not overdue, and would not be due until about two years thereafter, and no complaint whatever had been made by the defendants or any person on their behalf, and no notice had been given to plaintiff or McLaughlin Bros. of any infirmity in the instrument or defect in the title of either the plaintiff or McLaughlin Bros., or that there was any bad faith in the purchase of such note. The evidence also shows that the defendants did not make any complaint until February, 1910, more than a year after the appellant had purchased the note. Under this evidence there can be no question whatever as to the plaintiff's being a purchaser and holder in due course of the note, notwithstanding

the fact that there was fraud and misrepresentation in the execution of said note.

Sec. 3509, Rev. Codes, provides:

"A holder in due course, is a holder who has taken the instrument under the following conditions:

"First.  That the instrument is complete and regular upon its face;

"Second.  That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third.  That he took it in good faith and for value;

"Fourth.  That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The proof clearly brings the plaintiff's cause of action within the provisions of this statute, and such proof is uncontradicted and in no way denied.

Sec. 3514, Rev. Codes, provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Under this latter section fraud, misrepresentation, and no consideration are not available as a defense, as the plaintiff is the holder of the note sued upon free from any defect of title of prior parties and free from defenses available to prior parties among themselves.

This court has in a number of cases considered many questions arising where notes have been given in payment of the purchase price of stallions where fraud and misrepresentations were relied upon as a defense.  The rules of law laid down in those cases applied to the facts in each particular case, and in most of those cases evidence upon the question of good faith of the purchaser in purchasing the note and knowledge of the fraud and infirmity of the instrument was conflicting, and in that respect such cases are distinguishable from the case at bar.  The present case is determined solely

upon the statutes referred to, which define a holder in due course and the right of such holder to enforce payment of the instrument for the full amount against parties liable thereon.

We hold, therefore, in this case that the evidence does not support the verdict of the jury and that the plaintiff is a holder in due course of the note sued upon in this action. This being true, we think it is unnecessary to review the other errors assigned and discussed in the brief of counsel, and that a new trial could be of no service to the defendants in this action.   The judgment therefore is *reversed,* and judgment is directed to be entered in favor of the plaintiff, in accordance with this opinion.   Costs awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.