Points Decided.

(October 25, 1915.)

## W. F. BURDELL, Appellant, v. ORTON NERESON et al., Respondents.

[152 Pac. 576.]

PROMISSORY NOTE—HOLDER IN DUE COURSE—SUFFICIENCY OF EVIDENCE —INSTRUCTIONS.

1. Under the provisions of sec. 3509, Rev. Codes, a holder of a promissory note, in due course, is one who takes it under the following conditions: 1st, that the instrument is complete and regular on its face; 2d, that he became the holder of it before it became due and without notice that it had been previously dishonored, if such was the fact; 3d, that he took it in good faith and for value; 4th, that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

2. *Held,* under the evidence that plaintiff in this case was a holder in due course of the promissory note involved.

[As to rights of *bona fide* holder of note, see note in 37 Am. St. 458.]

3. Under the provisions of sec. 3514, Rev. Codes, a holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all of the parties liable thereon.

4. *Held,* under the evidence that the plaintiff held the note involved in this suit free from any defects of title of prior parties and free from defenses available to prior parties among themselves.

5. *Held,* that the court erred in the admission of certain testimony.

6. *Held,* that the mere fact that the promissory note had two indorsements thereon was not sufficient to put the plaintiff upon notice that said note was procured without consideration or through misrepresentation or fraud.

7. *Held,* that certain instructions given by the court to the jury were erroneous, and should not have been given.

As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see notes in 29 L. R. A., N. S., 351; 44 L. R. A., N. S., 395.

APPEAL from the District Court of the Second Judicial District for Latah County.   Hon. Edgar C. Steele, Judge.

Action to recover on a promissory note.   Verdict and judgment for the defendants.   *Reversed.*

C. J. Orland, for Appellant.

At the time plaintiff bought the note he had no knowledge or notice of any infirmity in it, or defect in the title, or notice of any facts to put him on inquiry.

The fact that there was due and unpaid interest on the note is not sufficient to amount to a dishonor of the instrument.   (*Winter v. Nobs*, 19 Ida. 18, 29, Ann. Cas. 1912C, 302, 112 Pac. 525; *McLane v. Placerville etc. R. Co.*, 66 Cal. 606, 6 Pac. 748; *Cooper v. Hocking Valley Nat. Bank*, 21 Ind. App. 358, 69 Am. St. 365, 50 N. E. 775; *Patterson v. Wright*, 64 Wis. 289, 25 N. W. 10.)

The fact that the note may have been obtained by fraud, misrepresentation, or that there was no consideration therefor, is not a defense, if the plaintiff obtained the note in the due course of business, within the provisions of sec. 3509, Rev. Codes.   (*Southwest Nat. Bank v. Baker*, 23 Ida. 428, 130 Pac. 799.)

There being nothing about the note, or conditions existing between the plaintiff and the McLaughlins at the time of the purchase of the note, to cause any suspicion of the plaintiff, he owed no duty to make any inquiry as to the manner of obtaining the note by the McLaughlins or in regard to the consideration therefor.   (7 Cyc. 941; *Matson v. Alley*, 141 Ill. 284, 31 N. E. 419; *Citizens' Bank v. Leonhart*, 126 Ind. 206, 25 N. E. 1099; *Cheever v. Pittsburgh etc. R. Co.*, 150 N .Y. 59, 55 Am. St. 646, 44 N. E. 701, 34 L. R. A. 69.)

There being no suspicious circumstances shown, of which the plaintiff had any notice, he was under no necessity of making inquiry as to whether the McLaughlins had or would comply with any agreement they had made.   (*Kinkel v. Harper*, 7 Colo. App. 45, 42 Pac. 173; *Miller v. Ottaway*, 81

Mich. 196, 21 Am. St. 513, 45 N. W. 665, 8 L. R. A. 428; *Davis v. McCready,* 17 N. Y. 230, 231, 72 Am. Dec. 461.)

The rights of the plaintiff are to be determined by the question of good faith, not by a question of his being diligent in endeavoring to hunt up some defect, which diligence he does not owe to the parties who put the paper in circulation. (*Cheever v. Pittsburgh R. Co., supra; Magee v. Badger,* 34 N. Y. 247, 249, 90 Am. Dec. 691.)

It is error for a court to give an instruction where there is no evidence to support it. (*Menddelsohn v. Anaheim Lighter Co.,* 40 Cal. 657; *Perkins v. Eckert,* 55 Cal. 400, 405; *Hanks v. Naglee,* 54 Cal. 51, 52, 35 Am. Rep. 67.)

A. H. Oversmith and Frank L. Moore, for Respondents.

The note is not complete and regular on its face, for the reason that it had been materially changed. After it had been signed by defendants, payments on the back thereof had been indorsed by McLaughlin Brothers or someone, at the time of the making of the note, or shortly thereafter, and such indorsements make the note void. (*Washington Finance Corp. v. Glass,* 74 Wash. 653, 134 Pac. 480, 46 L. R. A., N. S., 1043, and cases cited.)

Knowledge on the part of the purchaser of negotiable paper of overdue instalments of interest constitutes a circumstance which may be considered by the jury along with other facts and circumstances in determining the good faith of such purchaser. An instruction of the court upon this point is therefore proper. (*Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525.)

The burden of proof shifts to the holder of the note to show that he was a *bona fide* holder thereof in due course, when the makers of such note make a showing of fraud and misrepresentation in procuring the same, and also make a showing of the failure of consideration. (*Shellenbarger v. Nourse,* 20 Ida. 323, 118 Pac. 508; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816.)

The evidence in this case is in all respects similar to the following cases, decided by this court: *Winter v. Nobs, supra; Vaughn v. Johnson, supra; Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Vaughan v. Brandt,* 21 Ida. 628, 123 Pac. 591; *Southwest National Bank v. Baker,* 23 Ida. 428, 130 Pac. 799.

SULLIVAN, C. J.—This is an action upon a promissory note in the hands of a third party who claims to be a *bona fide* holder for value and before maturity, which was executed by the defendants and made payable to McLaughlin Brothers. The payees indorsed and sold said note to the plaintiff before maturity.

The complaint is in the ordinary form of complaints upon promissory notes. The defendants by their answer allege fraud in obtaining the note, failure of consideration and misrepresentation on the part of McLaughlin Brothers, the original payees.

The case was tried by the court with a jury and at the close of the evidence the plaintiff moved that the jury be instructed to bring in a verdict for the plaintiff, which motion was denied. The jury returned a verdict in favor of the defendants and judgment was entered accordingly. The appeal is from the judgment.

Several errors are assigned which involve the action of the court in the admission of certain testimony and the sufficiency of the evidence to sustain the verdict, and in giving and refusing to give certain instructions to the jury.

The promissory note sued on was dated July 11, 1906, and became due on November 1, 1909. The note is in words and figures as follows:

"Taney, Idaho, July 11th, 1906.

"On or before Nov. 1st, 1909, after date, for value received, we jointly and severally promise to pay McLaughlin Bros. or order Eleven hundred and Twenty five Dollars, at the bank of Troy, Troy, Idaho, with interest at six per cent,

per annum. Interest payable annually, and reasonable attorney's fees if collected by suit.

> "L. E. BROOKS,
> "C. R. GREENWOOD,
> "ORTON NELSON,
> "ANDREW P. BERG,
> "S. R. GREENWOOD,
> "D. G. BROOKS,
> "J. P. FREED,
> "R. J. JOHNSON,
> "ERIK RIERSON,
> "GUST. JOHNSON,
> "OSKAR NELSON,
> "KING BROS."

Upon which is indorsed the following:

"July 11th, 1906, paid on this note $212.50. July 11th, 1906, paid by Oscar Nelson $25.00.

> "McLAUGHLIN BROS."

It appears from the record that on the 25th of August, 1909, McLaughlin Bros. sold, indorsed and delivered said note to the plaintiff for the sum of $1,011.25, which was paid to McLaughlin Bros. by the check of the plaintiff, which check was paid in the usual course of business by the bank upon which it was drawn. The note was not due at the time it was purchased by the plaintiff. The evidence on the part of plaintiff consisted of the note and the testimony of the plaintiff to the effect that he bought the note before its maturity and paid for it by check in the sum of $1,011.25, which check was paid by the bank upon which it was drawn; that he had no knowledge or notice of any of the matters of defense set up by the defendants at the time of the purchase of the note.

The defendants introduced evidence to show that there was fraud practiced by McLaughlin Brothers in obtaining said note; that there was a breach of the guaranty of McLaughlin Brothers on the stallion for which the note was given, and a failure of consideration. However, they fail to

show that plaintiff had any notice of such fraud, misrepresentation or failure of consideration.

The main question involved in this case is: Is the plaintiff an innocent purchaser and *bona' fide* holder of the note in controversy under the provisions of sec. 3509, Rev. Codes, which section is as follows:

"A holder in due course, is a holder who has taken the instrument under the following conditions:

"First. That the instrument is complete and regular upon its face;

"Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third. That he took it in good faith and for value;

"Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The uncontradicted evidence shows that the plaintiff purchased the note before maturity and paid full value for it. It is regular upon its face, and the fact that two indorsements had been made on the note was no notice of any infirmity in it or defense against it.

The promissory note itself shows that it is complete and regular upon its face, and the proof shows (1) that the plaintiff became the holder of the note before it was due and without notice that it had been previously dishonored; (2) that he took it in good faith and for value; and (3) that at the time he purchased it he had no notice of any infirmity in the instrument or defect in the title of McLaughlin Brothers. He was, therefore, a holder in due course under said section of the statute. That being true, under the provisions of sec. 3514, Rev. Codes, he held said promissory note free from any defects of title of prior parties, and free from defenses available to prior parties among themselves, and may therefore enforce the payment of the instrument for the full amount thereof against the parties liable thereon.

It was held by this court in *Southwest Nat. Bank of Kansas City v. Baker,* 23 Ida. 428, 130 Pac. 799, as follows:

"Under this latter section [3514, Rev. Codes], fraud, misrepresentation and no consideration are not available as a defense, as the plaintiff is the holder of the note sued upon free from any defect of title of prior parties and free from defenses available to prior parties among themselves."

The court, over the objection of the plaintiff, permitted the defendants to cross-examine the plaintiff on the questions as to whether McLaughlin Brothers were solvent and amply able to pay said note at the time this suit was brought, and as to why plaintiff did not proceed against McLaughlin Brothers. This was clearly error and tended to prejudice the case of plaintiff, since under the law he had a right to bring this action against the makers of the note, if he cared to do so, and not against McLaughlin Brothers.

Some stress has been laid upon the fact that said promissory notes had two indorsements thereon. Simply because a promissory note has indorsements of payments on the back thereof, such as were on this note, is not sufficient to put the plaintiff upon notice that the note was procured through fraud and misrepresentation and without consideration.

Almost all of the instructions given by the court are based on a misconception of the facts put in evidence. They were clearly misleading, and directed the jury to take into consideration facts and circumstances of the warranty and sale of said stallion to the defendants which are in no manner shown to have been known to the plaintiff at the time of the purchase of the note. There is no evidence to show that the plaintiff had any knowledge or that he knew of any of the circumstances which would charge him with a duty to make inquiry or to investigate the manner in which McLaughlin Brothers obtained the note, or of the agreement they had made or of any defenses set up by the defendants, since the record fails to show that plaintiff had any information or notice sufficient to put him on inquiry in regard to the transaction of the sale of said stallion. Such instructions were clearly erroneous and should not have been given. If such

evidence as was introduced by the defendants in this case was sufficient to put plaintiff on inquiry in regard to the facts involving the transaction of the sale of said stallion and the execution of said notes by the defendant, there would be no security to the purchaser of promissory notes. The negotiability of promissory notes would be greatly impaired, and no one would be safe in the purchase thereof in due course before maturity and for valuable consideration, if such a rule were adopted.

This court has gone to the very limit in this class of cases in *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A. N. S., 816; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Vaughan v. Brandt,* 21 Ida. 628, 123 Pac. 591.

The evidence in this case is wholly insufficient to support the verdict of the jury.

The judgment must therefore be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs are awarded to appellant.

Budge and Morgan, JJ., concur.