(December 29, 1917.)

## FIRST NATIONAL BANK OF SHENANDOAH, IOWA, Appellant, v. O. S. HALL et al., Respondents.

### [169 Pac. 936.]

BILLS AND NOTES — FRAUD — BURDEN OF PROOF — WEIGHT AND CREDI-
BILITY OF EVIDENCE—CONFLICTING EVIDENCE.

1.  In an action upon a negotiable promissory note where the defendant pleads and proves that the note was procured by fraud, it is then incumbent upon the plaintiff to show affirmatively that it was the holder in due course.

2.  In an action upon a negotiable promissory note procured by fraud, brought by an indorsee, a banking corporation, where the only evidence introduced to show that the plaintiff took the note in good faith and without notice was the testimony of the vice-president and general manager of the bank, the credibility of his testimony is addressed to the jury and not to the court as a matter of law.

[As to the principle that fraud in the inception of a negotiable instrument does not prejudice a *bona fide* holder, see note in 11 Am. St. 309.]

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Chas. O. Stockslager, Judge.

Action on a promissory note. Judgment for the defendants. *Affirmed.*

As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see notes in 29 L. R. A., N. S., 351; 44 L. R. A., N. S., 395.

Babcock & Graham and E. M. Wolfe, for Appellant.

There is no question but that these notes are complete and regular upon their face; that plaintiff became the holder of them before they were overdue and without notice that they had been previously dishonored; that it took them in good faith and for value; that at the time they were negotiated to it, it had no notice of any infirmity in the instrument or defects in the title of Mr. Ayres.

There is absolutely no evidence to sustain or prove fraud in its acquirement, but, on the contrary, there is positive evidence that they were purchased in good faith. (*Southwest Nat. Bank v. Baker*, 23 Ida. 428, 130 Pac. 799.)

Paul S. Haddock, for Respondents.

It is incumbent upon the appellant in this case to prove by preponderance of the evidence to the satisfaction of the jury that the sale and transfer of the note by the indorser to the indorsee was made in the usual course of business and in good faith. (*Winter v. Nobs*, 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525.)

"Whether plaintiff in such case has satisfactorily met the burden of proof to make good his claim to be an innocent purchaser is a question of fact for the jury, and is subject to the same rule as to its weight and sufficiency as any other fact in the case." (*Vaughan v. Brandt*, 21 Ida. 628, 123 Pac. 591; *Park v. Johnson*, 20 Ida. 548, 119 Pac. 52.)

RICE, J.—This is an action upon two promissory notes, in the sum of $1,000 each, dated April 1, 1910, executed by the respondents herein in favor of one M. L. Ayres. Ayres, the payee, indorsed and delivered the notes to the appellant herein. The defendants alleged that the notes were procured from them by means of fraud and misrepresentations. The case was tried upon the theory that the pleadings presented the issue as to whether the appellant was a holder of the notes in due course.

Appellant concedes that because of conflict in the evidence the court would not be justified in reversing the verdict of the jury on the question of fraud and misrepresentations. Under the provisions of sec. 3516, Rev. Codes, the burden was on appellant to prove that it acquired the title as a holder in due course.

The question involved in this appeal has been before this court many times. (See *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; *Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37 L. R. A., N. S., 816; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Vaughan v. Brandt,* 21 Ida. 628, 123 Pac. 591; *Southwest Nat. Bank v. Baker,* 23 Ida. 428, 130 Pac. 799; *Burdell v. Nereson,* 28 Ida. 129, 152 Pac. 576; *Southwest Nat. Bank v. Lindsley,* 29 Ida. 343, 158 Pac. 1082.)

The principle of law which should guide the jury in its consideration of the facts is well stated in the case of *Winter v. Nobs, supra.* The opinion in that case, after quoting sec. 3513, Rev. Codes, states: "We think it is only actual knowledge of the defect or infirmity, or notice of such facts and circumstances as would put a man on inquiry and would charge him with bad faith or the imputation of dishonest dealing, that was intended by the statute to defeat a recovery."

In applying this principle in the determination of the question of fact involved, the following citations are illustrative of facts and circumstances which the jury is entitled to take into consideration, and which, when disclosed by the evidence produced at the trial, renders the question involved one exclusively for the jury.

In the case *Commercial Bank of Essex v. Paddick,* 90 Iowa, 63, 57 N. W. 687, the court said: "It is contended by counsel for appellant that the evidence that the plaintiff was a *bona fide* purchaser of the note is so conclusive that the court should have directed a verdict for the plaintiff. In our opinion the court rightly submitted the question of the good faith of the plaintiff to the jury. It has been held by this

court that in the case of the purchase of a note by a partnership the burden is upon it to show that all members of the partnership were, at the time of the purchase, ignorant of the fraudulent character of the note. (*Frank v. Blake,* 58 Iowa, 750, 13 N. W. 50.) The court instructed the jury in accord with the rule announced in the cited case. It is not denied that the plaintiff is a partnership. The witness Nye testified that it is a private bank. It is claimed, however, that the evidence shows that no officer of the bank had notice of the fraud. It is true that Nye so testified. But it is apparent that he was testifying to a fact either from hearsay or which he did not know to be true. In either case it was for the jury to determine that question. This failure of proof is sufficient to sustain this verdict."

*McNight v. Parsons,* 136 Iowa, 390, 125 Am. St. 265, 15 Ann. Cas. 665, 113 N. W. 858, 22 L. R. A., N. S., 718, contains the following: "The testimony of the cashier of the bank that he or the bank purchased the note for value before maturity, even though he be not disputed by any other witnesses to the transaction, is not necessarily sufficient to enable the court to say as a matter of law that he received it in good faith. Such evidence does not negative notice or knowledge on part of other officers of the bank. Moreover, the bank being an interested party, the credibility of the testimony of the cashier was a matter for the jury to pass upon in the light of all the facts and circumstances surrounding the matter under inquiry."

The case of *Arnd v. Aylesworth,* 145 Iowa, 185, 23 N. W. 1000, 29 L. R. A., N. S., 638, contains the following: "It is ordinarily to be expected, in these cases, that the purchaser will testify to his good faith and want of notice, and that defendant is compelled to rely upon circumstantial evidence to rebut such showing. Whether plaintiff has sufficiently satisfied the burden resting upon him and made good his claim to be an innocent purchaser is therefore a question for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchase, but is

such that no fair-minded person can draw any other inference therefrom. A categorical denial of notice or knowledge is something which in many, if not in most, instances cannot be opposed by direct proof; and the credibility of the witnesses, their interest in the case, the reasonableness or unreasonableness of their statements, the time, place and manner of the transaction, its conformity to or its departure from the ordinary methods of business, and all the other facts and circumstances which, though of slight moment themselves, yet, when taken together, give character and color to the purchase under inquiry, constitute a showing which the court cannot properly pass upon as a matter of law.''

The supreme court of Massachusetts, in the case of *Anthony v. Mercantile Mutual Accident Assn.*, 162 Mass. 354, 44 Am. St. 367, 38 N. E. 973, 26 L. R. A. 406, said: ''It is not often, where a party has the burden of proving a fact by the testimony of witnesses, that the jury can be required by the court to say that the fact is proved. They may disbelieve the witnesses. If the conclusion is to be reached by drawing inferences of fact from other facts agreed, ordinarily the jury alone can draw these inferences; it is only when no inferences are possible except those which lead to one conclusion that the jury can be required to find a proposition affirmatively established.''

In *Skillern v. Baker,* 82 Ark. 86, 118 Am. St. 52, 12 Ann. Cas. 243, 100 S. W. 764, it is said: ''It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury.''

In *Matlock v. Scheuerman*, 51 Or. 49, 93 Pac. 823, 17 L. R. A., N. S., 747, the court said: "Plaintiff testified to his lack of knowledge of the infirmity of the paper and to his good faith in taking it; but if an inference may be drawn from the surrounding circumstances that, on the one hand, tends to detract from the credibility of plaintiff's statements, and, on the other hand, tends to establish the lack of good faith, it is for the jury and not for the court to determine the fact."

The New York court of appeals, in the case of *Canajoharie Bank v. Diefendorf*, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676, said: "The claim that the plaintiff's cashier was a disinterested witness, whose testimony must be regarded as controlling if not contradicted, cannot be sustained. Aside from the alleged improbability of his statements, he was the financial agent of the plaintiff and the owner of one-fifth of its capital stock, and aside from his direct interest, responsible to his principal for the care, fidelity and prudence with which he discharged his official duties. His interest in the transaction was coextensive with that of the plaintiff, and brings him directly within the cases which hold that the credibility of such a witness is a question for the jury to determine." (See, also, *Joy v. Diefendorf*, 130 N. Y. 6, 27 Am. St. 484, 28 N. E. 602.)

In *Merchants' Nat. Bank v. Haverhill Iron Works*, 159 Mass. 158, 34 N. E. 93, it was incumbent upon the plaintiff to show that it took the note sued upon in good faith and for value before maturity. The president and cashier of the bank testified that such was the fact, and no testimony was introduced to contradict these officers. The court said: "The court, however, ruled as a matter of law, that the plaintiff was entitled to recover, and directed a verdict for the plaintiff. We think this was error. The jury may have disbelieved the president and cashier, or have believed them only in part, and may have been satisfied on all the evidence that they either had notice or did not take the note for value before maturity. They were not bound, as a matter of law,

to believe the president and cashier, though their testimony was uncontradicted.''

In Massachusetts and North Carolina, in this class of cases, the courts have held that when the burden has been shifted to the plaintiff to show that he is a holder of negotiable paper in due course, the determination of the issue is always for the j ry.

''When testimony warranting a finding that the plaintiff was a holder in due course of a note originating in fraud is given by witnesses called by the plaintiff, it is settled that a verdict cannot be directed for the plaintiff as a matter of law.'' (*Phillips v. Eldridge*, 221 Mass. 103, 108 N. E. 909.)

In the case of *American Nat. Bank v. Fountain*, 148 N. C. 590, 62 S. E. 738, the defendant having given evidence of fraud and the plaintiff having responded by showing that he acquired the note *bona fide* for value in the usual course of business and before its maturity, it was error to charge that the *prima facie* case of plaintiff was restored. In commenting upon this feature of the case, the court said: ''As heretofore stated, when fraud is proved or there is evidence tending to establish it, the burden is on the plaintiff to show he is a *bona fide* purchaser for value, before maturity and without notice, and the evidence must be considered as affected by that burden. If, when all the facts attendant upon the transaction are shown, there is no fair or reasonable inference to the contrary permissible, the judge could charge the jury, if they believed the evidence, to find for plaintiff; the burden in such case having been clearly rebutted. But the issue itself and the credibility of material evidence relevant to the inquiry is for the jury, and it constitutes reversible error for the court to decide the question and withdraw its consideration from the jury.'' (*Goodman v. Simons*, 61 U. S. 343, 15 L. ed. 934; *Park v. Exum*, 156 N. C. 228, 72 S. E. 309; *Central Nat. Bank v. Ericson*, 92 Neb. 396, 138 N. W. 563; *Vosburgh v. Diefendorf*, 119 N. Y. 357, 16 Am. St. 836, 23 N. E. 801; *Demelman v. Brazier*, 198 Mass. 458, 84 N. E. 856; *Leavitt v. Thurston*, 38 Utah, 351, 113 Pac. 77.)

The rule apparently followed in the cases of *Southwest National Bank v. Baker* and *Burdell v. Nereson, supra,* and announced in the majority opinion of the court in *Southwest National Bank v. Lindsley, supra,* to the effect that the question of whether or not a transferee of a promissory note is a *bona fide* purchaser in due course, is one for the jury, save in those instances where the testimony is not only consistent with the good faith of such purchaser, but is such that no fair-minded person could draw any other inference therefrom, is subject, in that class of cases to which this one belongs, to the following modification: Where the good faith of a party who claims to be the holder in due course of a negotiable instrument is an issue upon which he has the burden of proof, the credibility of his testimony in support of that issue, though uncontradicted, is for the jury.

The only witness who testified as to the good faith of appellant in purchasing the notes was Reed, vice-president of the bank. There is testimony in the record as to the following facts: That Reed has been connected with the plaintiff bank for a period of twenty years and has been vice-president and general manager of the same for six years; that during the time in question he had the active management of the bank; that he was well acquainted with Ayres, the payee of the notes in question; that Ayres did the greater part of his banking business with the appellant bank; that Reed kept a book for Mr. Ayres and made entries therein for him; that at the time of the purchase of the notes in question from Ayres, Ayres was indebted to the bank, upon an overdraft, in the sum of $10,424.45; that at the time of the trial Mr. Ayres was in failing circumstances; that Reed made inquiry of Mr. Radcliffe as to these notes before purchasing the same; that Mr. Radcliffe, at the time these notes were procured, was a general agent for Mr. Ayres in this state, and that the plaintiff bank was in the habit of purchasing the Ayres' paper, having purchased at different times between $75,000 and $100,000 thereof. Reed also testified that no member of the board of directors, nor any other

officer of the appellant bank, had any knowledge or notice of any defects or infirmities in the paper.

These facts were proper for the jury to consider as circumstances in determining the credibility of Reed's testimony. The jury, by its verdict, having decided that the evidence was insufficient to prove the matters incumbent upon the plaintiff, the judgment based thereon will not be disturbed. The judgment is affirmed. Costs awarded to respondents.

Morgan, J., concurs.

Budge, C. J., sat at the hearing but takes no part in the decision.