WILLIAM J. HAHN, Assignee, v. ROBERT L. PENNEY, Assignee.[1]

July 15, 1895.

Nos. 8749--(12½).

**Rulings—Admissions in Answer—Error without Prejudice.**

The rulings of the trial court, specified in the third and fifth divisions
of the former opinion and syllabus in this case, though erroneous, *held* to
be error without prejudice, on account of certain admissions in the answer.

**Insolvency—Evidence of Reputation.**

Whether or not evidence of reputation is competent to prove either
solvency or insolvency, quære.    But, *held*, such evidence is competent as
tending to prove notice, or want of notice, of insolvency, or cause, or
want of cause, to believe the reputed party insolvent.

**Error without Prejudice.**

The ruling of the trial court specified in the second division of said
former opinion and syllabus, though erroneous, *held* not sufficiently preju-
dicial to justify a reversal.

**Former Opinion Adhered to.**

In all other respects, former opinion adhered to.

On rehearing;  order affirmed.

[1] Reported in 63 N. W. 843.    See 60 Minn. 487, 62 N. W. 1129.

*Henry J. Gjertsen*, for appellant.
*Hahn & Hawley* and *John W. Arctander*, for respondent.

CANTY, J. This case was argued, and a decision rendered, at the present term. By reason of certain erroneous rulings occurring on the trial in the court below, it was ordered that the order denying a new trial be reversed, and a new trial granted. See 60 Minn. 487, 62 N. W. 1129. On a motion for a reargument, the point was made, for the first time, that by reason of certain admissions in the answer two of these erroneous rulings were without prejudice. Thereupon a reargument was granted, and has since been had.

1. In the second paragraph of the complaint it is alleged that June 22, 1893, the State Bank, being then and there insolvent, "suspended payment, closed its doors, and ceased to do a banking business." The answer "admits the allegations in the first, second and third. and fourth paragraphs of the complaint." This is clearly an admission that the State Bank was insolvent on said 22d day of June. The trial court found that the notes for the recovery of which this suit was brought were delivered by the State Bank to the Exchange Bank on that day. As stated in the third paragraph of the former opinion, defendant claimed that these notes were delivered to the Exchange Bank some time previous to June 22. Plaintiff offered evidence to prove that the State Bank was insolvent at and prior to the time defendant claimed the notes were so delivered. A part of this evidence is that discussed in the third and fifth divisions of said former opinion, and there held to have been erroneously admitted. We are still of the opinion that this evidence was wholly incompetent, but we are also of the opinion that it was error without prejudice, as it appears by the defendant's own admission that the State Bank was insolvent at the time the court finds that the notes in question were so delivered. These two erroneous rulings, discussed in said third and fifth divisions of said former opinion, are the only ones which the majority of the court on the former argument considered sufficiently prejudicial to justify a reversal. But we all agreed that the rulings discussed in the second and fourth divisions of the former opinion were at least sufficiently erroneous that they ought not to be repeated on a second trial.

2. As to the ruling discussed in said fourth division of said former

opinion, it is urged by respondent that Nininger v. Knox, 8 Minn. 110 (140), so far as it holds that evidence of reputation is competent to prove insolvency, should be overruled. He further contends that the doctrine of that case should at least be limited to proof of insolvency by evidence of reputation for insolvency, and not extended to proof of solvency by evidence of reputation for solvency. We do not deem it necessary to pass on these questions at this time, and to that extent limit the former opinion. We are clearly of the opinion that reputation for solvency in the community in which a party resides, or his principal place of business is located, is competent, as tending to prove want of notice to those dealing with him that he was insolvent. Such evidence was competent in this case, as tending to prove that, at the time the Exchange Bank received those notes, it did not have reasonable cause to believe that the State Bank was insolvent. We are now all agreed that the defendant was entitled to cross-examine the witness Kortgaard on this point, as plaintiff, in his examination in chief, attempted in different ways, and with more or less success, to prove by the witness that the Exchange Bank did have such notice and such cause to believe that the State Bank was insolvent. But the point is now made by respondent, for the first time, that the question put by defendant to the witness Kortgaard on such cross-examination was not limited to reputation for solvency in financial circles in the community or city in which the bank did business, or to any other particular community or city. The question was as follows: "I will ask you whether or not the State Bank was regarded in financial circles as solvent during the month of May." We are of the opinion that the point is well taken, and that the question was incompetent for the reason that it did not limit the inquiry to the city or community in which the bank did business.

3. We are all agreed that the ruling discussed on the second division of said former opinion, though clearly erroneous, was not sufficiently prejudicial to justify a reversal.

4. In all other respects the former opinion is adhered to.

This disposes of the case, and leads to an affirmance of the order appealed from.

Order affirmed.