MARY M. BIRUM v. ISAAC JOHNSON.[1]

November 7, 1902.

Nos. 13,226—(69).

Promise to Marry on Condition—Future Event.

Where an engagement of marriage is entered into to take place on the happening of a future event, the law implies that the promise will be fulfilled within a reasonable time thereafter, which may depend upon the nature of such event.

Breach of Promise—Evidence.

Where a party has promised another to fulfil a marriage contract on return from a trip abroad, lapse of time and conduct of such party after

[1] Reported in 92 N. W. 1.

his return which show that he does not intend to fulfil his promise, as under the facts of this case, may be regarded as the equivalent of a refusal to do so, and to dispense with a request to consummate marriage by the other party.

## Evidence of Defendant's Property.

In actions of this nature, it is admissible to establish the pecuniary ability of defendant in the first instance, to show the substantial injury which plaintiff has sustained.

## Same—Reputation.

In such a case, evidence of the financial standing of the defendant may be shown by proof of his reputed pecuniary ability.

Action in the district court for Redwood county to recover $5,000 for breach of promise of marriage. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of plaintiff for $750. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*A. E. Clark*, for appellant.

Plaintiff is not entitled to recover without proving either (1) that she had requested defendant to marry her and he had refused; or (2) that prior to the commencement of the action defendant rendered himself incapable of fulfilling his promise by marrying another; or (3) that without request defendant absolutely and unqualifiedly refused to marry plaintiff. Cole v. Holliday, 4 Mo. App. 94; 2 Parsons, Cont. (7th Ed.) 63, 64; Burks v. Shain, (Ky.) 5 Am. Dec. 616; Martin v. Patton, 1 Littell (Ky.) 234; Greenup v. Stoker, 8 Ill. 202; Fible v. Caplinger, 52 Ky. 464; Gough v. Farr, 2 Car. & P. 631. The measure of damages is not the wealth of defendant nor his ability to pay damages. Collins v. Mack, 31 Ark. 684; Dunlap v. Clark, 25 Ill. App. 573; Daggett v. Wallace, 75 Tex. 352; Rutter v. Collins, 103 Mich. 143. Testimony should be confined to defendant's personal reputation, and that concerning particular property excluded. Stratton v. Dole, 45 Neb. 472.

*Bowers & Howard*, for respondent.

An actual request and refusal need not be shown if, by the conduct of defendant, it is made to appear that he has an un-

equivocal intention not to perform the contract. Coil v. Wallace, 24 N. J. L. 291; Adams v. Byerly, 123 Ind. 368; Kurtz v. Frank, 76 Ind. 594; Prescott v. Guyler, 32 Ill. 312; Kelley v. Brennan, 18 R. I. 41; Willard v. Stone, 4 Cow. 22; Johnson v. Caulkins, 1 Johns. Cas. 116. The home offered, the pecuniary resources of defendant, his wealth and reputed wealth are all declared to be matters proper to be submitted to the jury. Chellis v. Chapman, 125 N. Y. 214; Rutter v. Collins, 103 Mich. 143; Goddard v. Westcott, 82 Mich. 180; Vanderpool v. Richardson, 52 Mich. 336; Vierling v. Binder, 113 Iowa, 337; Grant v. Willey, 101 Mass. 356; Clark v. Hodges, 65 Vt. 273; Crosier v. Craig, 47 Hun, 83, 130 N. Y. 661.

LOVELY, J.

Plaintiff recovered a verdict for the breach of a promise of marriage. Upon a settled case, motion for a new trial was made, which was overruled. Defendant appeals.

The complaint alleges a promise by defendant to marry plaintiff as soon as he returned to Redwood Falls from a trip he was about to make to New Mexico and other places. The answer is a general denial. In support of the verdict, the evidence tends to show that the parties resided at Redwood Falls during the fall of 1899; that defendant repeatedly visited the plaintiff at her residence, paid her noticeable attentions, and engaged to marry her, fixing the time for the marriage when he should return from a journey which he was about to make to New Mexico. Defendant started on his journey in November. At this time agreeable and friendly social relations existed between the parties, but thereafter defendant did not write to plaintiff, although she sent him several letters. About June 1 of the following year, defendant returned to Redwood Falls. Thereafter no communication took place between the parties. Defendant avoided plaintiff, and on occasions when he saw her approaching would move away in an opposite direction, or step into a store or saloon, to avoid meeting her. She continually endeavored to meet him, but was unable to do so. This condition of indifference toward plaintiff by defendant, with acts of apparent repulsion, continued for some nine months, when this action was commenced. Plaintiff had never during the meantime

requested the defendant to fulfil his promise, giving as her reason for not doing so that defendant purposely shunned her, and gave her no chance to speak to him; which is a fair inference from the testimony.

The serious contention on the part of defendant is that, before any action for the breach of the marriage contract will lie, plaintiff should have demanded a fulfilment of the promise from defendant as a prerequisite to the action, and, having failed to show such a request, she cannot recover.

It appears that a future event, to become definite by its occurrence, was specified,—the return of the defendant from his contemplated journey,—when the marriage was to take place. It cannot, of course, be justly claimed that a breach would follow instanter on the happening of the event, but within a reasonable time thereafter, based upon the situation of the parties and surrounding circumstances; but the evidence tending to show an abandonment of the plaintiff by defendant, that he significantly held himself aloof from and avoided her, which was practically a notification that he would have nothing more to do with her, reasonably excused her from humiliating herself by a demand that defendant should do that which his conduct indicated as plainly as if he had so declared that he would not do. It is an acknowledged truism that the law does not require unnecessary things, and while there is some conflict in the cases where no time has been fixed for the marriage to take place, whether it should be required of the party who seeks damages for a breach of promise of marriage to request a fulfilment before action, we need not determine this question here, for we think, where the testimony tends to show that a certain event in the future has been fixed for the marriage to take place, and conduct thereafter by one party indicates that it is not to be carried out by him, this may be considered tantamount to a refusal, and authorizes action for the breach without requiring proof of an actual request by plaintiff and refusal by defendant.

Evidence was offered to show the financial condition of the defendant. We have no doubt that proof of that character is authorized in such cases. In announcing this rule, Judge Cooley

uses the following language, which we approve and adopt: "When the suit is for the loss of a marriage and of an expected home, the fact that the plaintiff is without the means to provide an independent home for herself is not entirely unimportant. It may be supposed to be one of the facts which both parties had in mind in making their arrangements, and it is not improper that the jury should know of it also, and take it into account in making up their verdict." Vanderpool v. Richardson, 52 Mich. 336, 17 N. W. 936.

At the trial evidence was introduced tending to show the financial ability of defendant by proof of his reputed wealth, as well as of the value of his actual possessions. This was received over objection, and defendant now complains of the course pursued in this respect. It would seem from the very nature of the inquiry, and the difficulty of proving the value of an opponent's property, that oftentimes reputation might furnish, from necessity, the only means by which a prima facie showing thereof could be made. The adverse party might be cross-examined on this issue under the statute, but even then his opponent could not be bound by his answers. We have allowed evidence of this character to prove financial standing upon the issue of insolvency (Hahn v. Penney, 62 Minn. 116, 63 N. W. 843), and we fail to discover any good reason why we should limit this proof to other cases, where financial standing is a relevant and material subject of inquiry.

We do not consider the other assignments of error of sufficient importance to require special mention.

Order affirmed.