OLIVE M. HILL v. HUGH A. JONES.[1]

December 31, 1909.

Nos. 16,332—(134).

**Demand to Perform Marriage Promise Unnecessary.**
> Where an alleged promise of marriage is denied by the defendant, or his conduct amounts to a repudiation thereof, a demand that he perform is not necessary before suit.

**Evidence Improbable — New Trial.**
> Evidence in support of plaintiff's case *held* so doubtful of merit, and in many respects so improbable, that a new trial should have been granted, under the rule of Messenger v. St. Paul City Ry. Co., 77 Minn. 34, and Martin v. Courtney, 75 Minn. 255, 256.

Action in the district court for Washington county to recover $15,-000 for breach of promise of marriage. The case was tried before Stolberg, J., and a jury which rendered a verdict in favor of plaintiff in the sum of $5,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed and new trial granted.

*C. D. & R. D. O'Brien,* for appellant.

[1] Reported in 123 N. W. 927.

*James Mattimore, J. P. Kyle,* and *W. R. Duxbury,* for respondent.

PER CURIAM.

Action for damages for breach of promise of marriage, in which plaintiff had a verdict for $5,000, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial. The motion for a new trial was based upon the grounds (1) that the evidence is insufficient to support the verdict; (2) errors in law occurring at the trial; and (3) excessive damages appearing to have been given under the influence of passion and prejudice. The argument on this appeal was confined mainly to the questions whether the evidence sustains the verdict and alleged errors in law.

1. An examination of the record discloses no errors in law.

The main contention of defendant on this branch of the case is that, inasmuch as it appears without dispute that no definite time was set for the marriage, other than "about the middle of December" following the engagement, to give plaintiff a right of action it was incumbent upon her to demand of defendant that the marriage take place, and, having made no such demand, she cannot recover. A number of authorities are cited in support of this contention; but an examination thereof discloses that they are not in point. There are authorities holding that where, in marriage engagements, the time of performance is indefinite and left to future agreement, there being no dispute about the engagement, an action will not lie for a breach thereof until the complaining party demands performance or herself offers to perform. But where the agreement of marriage is disputed and denied, or the conduct of defendant amounts to a repudiation of the agreement, and in effect a refusal to carry it out, no demand prior to suit is necessary. Birum v. Johnson, 87 Minn. 362, 92 N. W. 1. In this case defendant testified that he never promised to marry plaintiff, and had no intention of doing so. Under such circumstances, a demand would have been an idle ceremony, which the law does not require.

2. Upon the question respecting the sufficiency of the evidence,

we conclude, after a somewhat careful consideration of the record, that the ends of justice will be best served by a resubmission of the questions presented to another jury, and that the trial court erred in not granting a new trial. This conclusion is based, not on the theory that the evidence will not sustain a recovery by plaintiff, but on the ground that her version of her relations with defendant contains so much that is highly improbable, and her own character for chastity and truthfulness thereby so forcibly attacked and exposed, that we are strongly impressed that the jury, in awarding a verdict of $5,-000, did not give the case the serious consideration its importance demanded. Though the verdict is not challenged as excessive in this court, nevertheless we cannot avoid the conclusion that the amount thereof furnishes manifest proof that the real merits of the case may have been too lightly passed over. And on the rule of cases like Messenger v. St. Paul City Ry. Co., 77 Minn. 34, 79 N. W. 583, and Martin v. Courtney, 75 Minn. 256, 77 N. W. 813, a new trial should have been granted.

The assignments of error are sufficient to raise the question. The scandalous nature of the evidence renders a discussion thereof improper. It is unnecessary to spread upon the pages of our reports the grossly immoral relations which the parties bore to each other.

Order reversed, and new trial granted.

O'BRIEN, J., took no part.