# MARY KENNEDY v. W. D. KELLY.[1]

July 19, 1912.

Nos. 17,698—(201).

**New trial.**

Where the evidence was conflicting as to the mental capacity of testator, and on the question whether the alleged will was executed as required by statute, the court reversed the lower court and granted a new trial in the interest of justice. [Reporter.]

To the will of Catherine Myler, propounded by William D. Kelly to the probate court for Ramsey county for allowance, Mary Mullaney, Maurice J. Dore, Johanna Grace and Mary Kennedy filed objections. The will was allowed by the court and Mary Kennedy appealed to the district court for that county from the order admitting the will to probate. The appeal was heard by Hallam, J., who made findings and affirmed the order of the probate court. From the order denying contestant's motion for a new trial, she appealed. Reversed and new trial ordered.

*W. B. Douglas* and *Kennedy & Kennedy*, for appellant.

*Thomas C. Daggett*, for respondent.

1 Reported in 137 N. W. 456.

PER CURIAM.

An instrument purporting to be the will of Catherine Myler was presented for probate and allowance to the probate court of Ramsey county. Mary Kennedy, an adopted daughter of deceased, Mary Mullaney, a sister, Maurice J. Dore, a nephew, and Johanna Grace, a niece, filed objections to the probate of the instrument on the grounds that it was not duly executed, want of testamentary capacity, and undue influence. The probate court admitted the will. The objectors appealed to the district court, where the issues were tried by the court without a jury, and a decision made affirming the order and judgment of the probate court. The objector Mary Kennedy appealed to this court from an order denying a motion for a new trial.

We have carefully considered the evidence, and reach the conclusion that the interests of justice will be best served by another trial. While the testimony is to a large extent conflicting, both on the question of the mental capacity of the alleged testator, and on the question of whether the instrument was fully executed as required by statute, there is so much in the record to indicate the physical and mental incapacity of Mrs. Myler, such a lack of a good reason for disinheriting her adopted daughter, and so much doubt whether the instrument was legally executed, that we feel that the case should be tried again.

Order reversed, and new trial granted.