## IN RE ESTATE OF GEORGE W. MURPHY, DECEASED. IN RE APPEAL OF ANNA D. BURNS.[1]

February 11, 1921.

No. 22,075.

**Will — question of signature of testator — new trial granted.**

The probate court refused to admit to probate a will which gave to proponent all of testator's property. At the trial in the district court, the court submitted to the jury the question whether the alleged will was signed by the testator and the jury answered it in the negative. Appeal from an order denying a new trial. *Held*: The district court should have granted a new trial on the ground that there is such serious doubt of the correctness of the verdict as to justify reconsideration of that issue. [Reporter.]

[1] Reported in 181 N. W. 320.

In the probate court for Rice county, John B. Carlaw, heir at law, William W. Pye and J. G. Schmidt, special administrators, filed objections to the admission of the will of George W. Murphy, deceased, to probate on the grounds set out in the second paragraph of the opinion. From an order disallowing the will, Anna D. Burns appealed to the district court for that county. The matter was heard by Childress, J., and a jury which answered the question addressed to it in the manner set out in the third paragraph of the opinion. From an order denying her motion to set aside the verdict and answer of the jury or for a new trial, Anna D. Burns appealed. Reversed.

*Charles R. Pye* and *Moonan & Moonan*, for appellant.

*William W. Pye, George T. Simpson* and *John F. Dahl*, for respondent.

PER CURIAM.

This is an appeal from an order denying a motion for a new trial of a will contest. The purported will gave all of the testator's property to the proponent, Anna D. Burns, and referred to her as testator's "betrothed wife." She conducted a sanatorium at Colorado Springs for the care of tubercular patients. The testator, who resided at Northfield in this state, was one of her patients. He went to Colorado Springs and entered the sanatorium in October, 1917, remaining until October 9, 1918, when he died. Except for the purported signature of the testator and the signatures of the witnesses, the will is in the handwriting of the proponent.

The objections to the will were: (1) That it was not signed or executed as required by law; (2) that it was procured by the fraud, undue influence and other wrongful acts of the beneficiary; (3) that it is fraudulent, illegal, null and void, and is not the will of the deceased; (4) that the testator did not have sufficient mental capacity to execute a will.

The probate court refused to admit the will to probate. On appeal to the district court both parties requested the court to submit issues to a jury. The requests were made two weeks before the case was called for trial. The court announced that it would take the matter under advisement and when the case was called would impanel a jury, hear all the evidence, and then decide what to submit to the jury. At the conclusion of the evidence, the court announced that two questions would be submitted, viz.: Was the alleged will signed by the testator? and, if he signed it, was its execution procured by undue influence? Finally and immediately before the case was argued, the court informed counsel that only the first question would be submitted. The jury answered it in the negative. The evidence bearing on the question submitted was not as full and satisfactory as it might have been. On the part of the contestants, it consisted quite largely of opinions that the signature was not in the handwriting of the testator. Appellant contends

148 M.—31.

that the evidence did not justify the jury in thus answering the question and that a new trial should have been granted for that reason.

If the finding of the jury is sustained, there is an end to the case. If it is not sustained, there would have to be further proceedings in the district court to dispose of the other objections to the will.

Assuming that the signature is genuine, the court might well have submitted two additional questions to the jury, one directed to the objection that the execution of the will was procured by fraud, and the other to the objection that it was procured by undue influence. A majority of the court is of the opinion that the motion for a new trial should have been granted. This is based, not on the theory that the evidence is so deficient that it will not in any event sustain the conclusion that the signature to the will is not the genuine signature of Murphy, but on the theory that there is such serious doubt of the correctness of the jury's verdict on that question as to justify a reconsideration of the issue by the trial court for another jury. Hill v. Jones, 109 Minn. 370, 123 N. W. 927; Kennedy v. Kelly, 119 Minn. 531, 137 N. W. 456. And if the trial judge, in the exercise of his discretion, shall decide to submit any of the issues to a jury, the additional questions above mentioned should be included.

The order denying a new trial is reversed.