IN RE ESTATE OF GEORGE W. MURPHY, DECEASED.
IN RE APPEAL OF ANNA D. BURNS.
ANNA D. BURNS v. JOHN B. CARLAW AND OTHERS.[1]

July 21, 1922.

No. 22,918.

**Executor may defend will in contest made against it.**
1. The executors named in a will have such representative interest in the allowance and probate thereof as entitle them to appear and conduct a contest of the same in the courts.

**Submission of special issues in will contest discretionary.**
2. The matter of submitting special issues to a jury in a will contest rests in the discretion of the trial court.

**Change of venue denied.**
3. There was no abuse of discretion in denying a motion by proponent of the will for a change of the place of trial.

**Objections to will not fatally inconsistent.**
4. The grounds of contest to the effect: (1) That the will was not signed or executed by decedent, but, if it was, (2) that his signature was obtained by fraud, are not fatally inconsistent, and may stand together.

[1] Reported in 189 N. W. 413.

Decision of trial court sustained.

> 5. The findings of the trial court that the will in contest was not signed or executed by decedent, *held* not so clearly against the evidence as to justify this court in its discretion in ordering a third trial of the issue, purely one of fact, the prior trials having resulted in the same conclusion.

After the last appeal reported in 148 Minn. 480, 181 N. W. 320, the case was tried before Johnson, J., who affirmed the action of the probate court admitting the will to probate. From the judgment entered pursuant to the order for judgment, Anna D. Burns appealed. Affirmed.

*Charles R. Pye* and *Moonan & Moonan*, for appellant.

*William W. Pye, George T. Simpson* and *John F. Dahl*, for respondents.

BROWN, C. J.

George W. Murphy, about 45 years of age, for many years a resident of Rice county, this state, died at Colorado Springs, in the state of Colorado, on October 9, 1918, leaving certain documents in the form of wills disposing of his property and estate at his death. His residence and home and all his property were in this state at the time of his death; his presence in Colorado being in search of relief from an advanced stage of pulmonary tuberculosis, from which he had suffered for a number of years. He left three wills, one executed in this state on April 2, 1917, just prior to his departure for Colorado, which was found after his death among his papers deposited for safe keeping at a bank at his place of residence in this state where he transacted his financial affairs, and one executed in Colorado on May 7, 1918, at a sanatorium in Colorado Springs operated by appellant and another person, of which decedent was then a patient. An earlier will of date August 16, 1916, was superseded by that of April 2, 1917, just referred to, the latter being, with the exception of the devise of testator's homestead the same as the former will.

The due execution of those wills is not in dispute. By each substantially all of decedent's property was given to the city of North-

field, his home for years, for the construction and maintenance of a hospital within the city for general public use; particular provisions being made therein for the comfort and welfare of those suffering from the ailment with which he was afflicted. He had no wife or children or father or mother to claim his bounty. The will of April 2, 1917, was presented to the probate court after his death with a petition for its allowance and probate.

The will of May 7, 1918, the Colorado will, gave, without exception or reservation other than the payment of debts and funeral expenses, all and singular his property to appellant, who was his nurse at the sanatorium, and who was described in the will as "my betrothed wife," and was also presented to the probate court for allowance and probate. Its allowance was contested by the executors named in the prior will on the grounds: (1) That it was not the will of decedent; that the signature attached thereto was not his signature; and (2) that if the will was signed and executed by decedent the execution thereof was induced and brought about by fraud and undue influence of appellant, the sole beneficiary therein named. The only objection made to the second of the two Minnesota wills was that it had been revoked by the Colorado will. The validity of the Colorado will was therefore the only issue litigated in the court below.

The issue thus presented was heard in the first instance by the probate court, where the conclusion was reached, after what appears to have been a full and careful consideration of the evidence by the learned judge of that court, that the signature to the Colorado will is not that of decedent, therefore not his last will and testament. By the same decision and order the Minnesota will was admitted to probate. On appeal to the district court the issue as to the Colorado will was submitted to a jury, with a verdict in harmony with the conclusions of the probate court. The verdict was approved by the trial court in and by an order denying a new trial. On appeal from that order, a full consideration of the record then presented resulted in a division of opinion among the members of the court upon the question whether the evidence was sufficient to support the conclusion that decedent did not sign and execute the Colorado

will. But, acting on the rule applied in Kennedy v. Kelly, 119 Minn. 531, 137 N. W. 456, and Hill v. Jones, 109 Minn. 370, 123 N. W. 927, 18 Ann. Cas. 359, the cause was remanded for a new trial as the most appropriate disposition of the case, and in the expectation that new evidence might be forthcoming on another trial to remove existing doubts. In re Estate of George W. Murphy, 148 Minn. 480, 181 N. W. 320. After the cause had been remanded appellant moved the court for a change of the place of trial on the ground that an impartial trial could not be had in the county where it was pending. The motion was denied, but, in so disposing of the motion, the court announced that a judge of another district would be called in to try the issues on the final hearing. Accordingly Judge Albert Johnson, of the First judicial district, was selected for that purpose and the cause was subsequently tried by him, sitting in the county of the original venue. The trial was without a jury, the court having denied a request by appellant for submission of issues to a jury. The evidence introduced on the first trial, together with that given by some new witnesses, was presented on the second trial, and thereon the court made findings to the effect that the will was not that of decedent, that the signature thereto was not genuine; the same conclusion that had formerly been reached by the probate court and the jury on the other trial. Judgment was ordered and formally entered accordingly from which the present appeal was taken.

A number of assignments challenging rulings in the admission and exclusion of evidence, the order denying the motion for a change of venue, and the order refusing to submit issues to a jury, have been given careful attention with the result that no reversible error is found in any of them.

1. The matter of a change of the place of trial was within the discretion of the trial court in the exercise of which there was no error. The claim that a fair trial could not be had in Rice county, wherein the cause originated and was pending, because of local sentiment and bias, was entirely overcome by the action of the court in securing the attendance of a judge from the adjoining district to try

the case, who presumptively would be wholly unaffected by any possible local feeling in the matter.

2. The matter of submitting issues to a jury was also discretionary with the trial court. The fact that issues were ordered submitted to a jury on the first trial is of no controlling importance; the court was not as to the second trial bound by the former order. Farmer v. Stillwater Water Co. 108 Minn. 41, 121 N. W. 418; Lewis v. Murray, 131 Minn. 439, 155 N. W. 392.

3. The executors of the Minnesota will were proper contestants of the Colorado will. Whatever may be the rule elsewhere, and the authorities are divided (L. R. A. 1918A, 467) it must be deemed as settled in this state that the executors named in a will have such representative interest in the allowance and probate thereof as entitle them to appear as champions of the same in the courts of the state. Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980; Rong v. Haller, 106 Minn. 454, 119 N. W. 405. They are in the same position, from a legal viewpoint, as a legatee in a will claimed to have been revoked and superseded by one subsequently executed, a situation presented in Crowley v. Farley, 129 Minn. 460, 152 N. W. 872. Such is the law in other states, though not in all jurisdictions of this country. Re Davis' Will, 182 N. Y. 468, 75 N. E. 530; Re Langley's Estate, 140 Cal. 126, 73 Pac. 824; Re Greeley's Will, 15 Abb. Pr. (N. Y.) 393.

The case of Kelly v. Kennedy, 133 Minn. 278, 158 N. W. 395, L. R. A. 1917A, 448, Ann. Cas. 1918D, 164, involved nothing more than the cost and expense incurred by a named executor in an unsuccessful voluntary effort to establish a will in court proceedings. It was held that he was not entitled to compensation for the expense thus incurred. His right to conduct the proceedings was not involved or questioned. The case is not here in point.

4. The contention that the trial court erred in not requiring an election by the contestants between alleged inconsistent points or grounds of contest is not sustained. The grounds of contest are, in a word: (1) That the will was not signed and executed by decedent; and (2) if in fact signed by him that it was procured by fraud and undue influence. The allegations of the grounds of contest are to

be construed and treated as ordinary pleadings in other judicial proceedings. In that light no fatal inconsistency appears. The case is no different from one where in answer to a complaint on a promissory note defendant pleads that the note was not signed by him, but, if it was, that his signature was procured by fraud. Defenses of that character have been held not fatally inconsistent. Bank of Glencoe v. Cain, 89 Minn. 473, 95 N. W. 308. See also for illustrative cases: Minneapolis T. M. Co. v. Peters, 112 Minn. 429, 128 N. W. 578; McAlpine v. Fidelity & C. Co. of New York, 134 Minn. 192, 158 N. W. 967. The motion to require an election on the trial was therefore properly denied.

5. Upon the question whether the findings of the trial court are so clearly adverse to the evidence as to justify interference by this court, no extended discussion is deemed necessary. There have been three trials of the issue involved: First, before the probate court; second, by a jury in the district court; and third, the trial here under review by the court without a jury. On each the same conclusion was reached, namely, that the will in dispute was not signed by decedent. There is direct evidence in support of the will, and to the signing and execution thereof by decedent. It was prepared by appellant and is in her handwriting, and according to her testimony and that of the subscribing witnesses was signed by decedent in his room at the sanatorium at about 9 o'clock p. m. of the day of its date. The evidence is persuasive and therefrom a finding of the due execution of the will could well enough have been made. On the other hand, there is testimony by experts and those familiar with the signature of decedent aided by facts and circumstances disclosed by the record taken as a whole, to the effect that the signature attached to the will is not that of decedent and not in fact his last will and testament, and a finding to that effect was made by the trial court.

When the cause was here on the former appeal we gave the evidence careful attention, with a divided opinion upon the question of the sufficiency thereof to sustain a finding that the will was not signed by decedent as the result of our labors. Upon the present appeal and after a further consideration of the record, containing

the former and considerable new evidence we are again divided upon the same question. In that situation we pause—we are not the triers of the fact. We exercise our discretionary authority in granting a second or third trial with caution. And the fact that three trials have ended in concurring results, and we are divided in opinion as to the correctness thereof, is an all sufficient reason for withholding further discretionary relief upon a question purely of fact. It would serve no useful purpose to discuss the evidence and we refrain.

Judgment affirmed.

QUINN, J. (dissenting.)
I dissent.