CITY NATIONAL BANK OF LINCOLN, APPELLEE, V. D. R.
JONES, APPELLANT.

FILED FEBRUARY 15, 1923. No. 22214.

1. **Bills and Notes:** DIRECTION OF VERDICT. Upon an examination of
the evidence in a suit upon promissory notes, in which at the
close of the trial the court directed a verdict for the plaintiff for
the amount of the notes, *held,* the directed verdict was proper.

2. **Appeal:** HARMLESS ERROR. Upon objection to the refusal of certain
testimony on cross-examination, *held,* if the refusal was error at
all, it was manifestly error without prejudice.

APPEAL from the district court for Lancaster county:
FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*George W. Ayres* and *Peterson & Devoe,* for appellant

*Stewart, Perry & Stewart, contra.*

Heard before MORRISSEY, C. J., LETTON and ALDRICH,
JJ., RAPER and TROUP, District Judges.

TROUP, District Judge.

A suit by the City National Bank of Lincoln, Nebraska,
against D. R. Jones and the Standard Securities,
a corporation, to recover judgment upon two promissory
notes for an amount aggregating $6,057.30, executed
and delivered by defendant Jones to his codefendant
Standard Securities and by that company indorsed
and delivered to plaintiff for value before maturity.

The petition is in the usual form in a suit for the
purpose named. By answer the defendant Jones admits
the execution and delivery to the Standard Securities
the notes in suit, but alleges that said notes were pro-
cured by the Standard Securities through the false repre-
sentations of the officers of that company, and that plain-
tiff had notice of the fraud or was chargeable with
notice at the time of its acceptance of said notes from
the payee. The reply denied the allegations of fraud;
denied that plaintiff had any notice of alleged fraud
having been practiced by the payee upon the maker of the

notes; but, on the contrary, alleges that it purchased said notes in due course of business, for valuable consideration, before due, in good faith, and without notice of any infirmity therein or defense thereto.

A trial was had before the court and jury, at the close of which, however, the court directed a verdict for the plaintiff and against both of said defendants for the amount due on the notes and rendered judgment therefor. Defendant Jones alone appeals, and assigns as error the instruction of the court directing a verdict against him, and this now is the only question for determination.

There is only one way by which this question properly may be determined, and that is carefully to read the evidence and discern what it discloses. This we have done, and, after doing so, we express a serious doubt if, from the entire record, there can be found evidence enough tending to show fraud or misrepresentation practiced by the officers of the Standard Securities upon which the defendant Jones relied to justify the court in submitting to the jury even that question.

But, for the sake of further demonstration, concede that there is. Of course, that is not enough. The case must go further and there must be either some evidence tending to show bad faith or some lack of evidence tending to show good faith on the part of plaintiff in accepting the notes in suit before the right of plaintiff to recover can be defeated.

Assuming that there is evidence of fraud, deception, or false representations practiced on defendant Jones by the officers of the Standard Securities, by which Jones was induced to give to that company one or both of the notes in question, and on which false representations Jones relied and acted and was thereby injured, sufficient to carry that question to the jury, and assuming, which we do, that in such instance the burden rests upon the plaintiff to show its *bona fides* and its entire freedom from knowledge or suspicion of such

false representations before or at the time it acquired said notes, then we are clearly of the opinion that situation has been more than amply met by plaintiff's evidence.

We do not find in the entire record a word of evidence or circumstances arising therefrom to warrant a belief that plaintiff, at or before the acquisition of the notes in suit, had any notice or knowledge of fraud or deception practiced by the payee upon the maker of the notes, either by false representations or otherwise, whereby the maker was induced to execute and deliver said notes, or that plaintiff was in possession of any facts sufficient to suggest that there might be some infirmity in the notes or defense thereto.

The fact that plaintiff at one time exchanged some stock in another corporation for an equal amount of stock in the Standard Securities company, which, soon thereafter, upon the expressed desire of the officers of the Standard Securities, was reexchanged, and the further fact that the business quarters of plaintiff and the Standard Securities were located in the same building, with a more or less obscure passageway between them, unaided by any other fact or suggestion that there was any connivance or secret relation existing between these two parties, are not even circumstances so different from those which are liable to arise or exist at any time between individuals or corporations dealing with each other in due course of business as to warrant serious consideration.

On the other hand, the plaintiff's officers testified that at no time did they have anything to do with the affairs or management of the Standard Securities company, but that for an indefinite time prior to the transaction in question plaintiff had been accustomed to deal with said company, as it had with others, in the acceptance of notes and other securities, and that it had frequently accepted, through said company, the notes of defendant Jones, which he had given for the purchase

City Nat. Bank v. Jones.

of automobile trucks, and which notes had always been taken up when due; that plaintiff supposed, at the time it accepted· the notes in question, that they were so-called "truck notes," and knew nothing to the contrary until about two weeks before the trial of this case in the district court.

L. B. Howey, president of plaintiff bank, who had most to do in the purchase of the notes in suit, testified that at the time he accepted these notes for the bank he had no notice or knowledge of any kind of any fraud or misrepresentation practiced or claimed to have been practiced against the maker of said notes, or of any infirmity or defense of any kind existing against them; that he accepted said notes in payment of other truck notes then due of an equal amount, in due course of business, supported by a financial statement of the maker. L. J. Dunn, vice-president of plaintiff bank, testified to the same effect. There is no evidence to the contrary.

Defendant complains that the trial court unduly restricted the cross-examination of plaintiff's witnesses, and an instance is quoted in his brief, presumably as strong as any to be found, to the effect that, when Mr. Howey was being cross-examined as a witness, and it appearing that the notes in suit had been drawn payable to the maker, but properly indorsed by him, referring to one of said notes, the witness was asked: "Did you make any inquiry as to why the note was drawn that way?" to which the court sustained an objection interposed "as immaterial, for the reason that that gives no notice of any infirmity in the note."

While we are of the opinion that it might have been as well, perhaps better, to have permitted an answer to this question, yet as there was no intimation that the answer of the witness, whatever it may have been, would be followed by any disclosure damaging to the plaintiff, the court's ruling, if error at all, was manifestly error without prejudice.

.We are clearly of the opinion that the court did not err by instructing a verdict for plaintiff. Indeed we are of the opinion that the court would have erred had it done otherwise, and a verdict for defendant rendered.

AFFIRMED.