(November 6, 1924.)

THE FIRST NATIONAL BANK OF POCATELLO, a Corporation, Respondent, v. RUFUS R. POND, Appellant.

[230 Pac. 344.]

NEGOTIABLE INSTRUMENT—FRAUD—HOLDER IN DUE COURSE—BURDEN OF PROOF—SUFFICIENCY OF PROOF—DIRECTED VERDICT.

1. In an action on a negotiable promissory note, when defendant pleads and proves that the note was procured by fraud, the burden is on plaintiff to show that he took without notice of the fraud.

2. Where the only issue is whether the holder of a note took it without notice of fraud practiced in its inception, a verdict may be directed for the holder even though the only testimony is his own and his agent's, if it is unimpeached and uncontradicted, and no contrary inference can be drawn from the facts and circumstances shown by all the evidence.

3. Evidence examined and *held* to justify direction of verdict.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

James & Ryan and Frank Croner, for Appellant.

The burden of establishing that a person is a holder in due course is upon the person making such claim, and in such a case the jury have the right to ignore the testimony

of the party claiming to be a holder in due course, even though such testimony be not contradicted. In other words, even though the testimony of the holder of the note that he is a holder in due course be not contradicted, nevertheless the question must go to the jury. (*Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *First Nat. Bank v. Hall,* 31 Ida. 167, 169 Pac. 936; *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525.)

Where a suit is brought on a note by an indorsee thereof, which indorsee alleges that it is a holder in due course, and it appears that the note was fraudulent in its inception, the jury may take into consideration all the circumstances surrounding the transaction for the purpose of determining whether the purchase was made in good faith, whether such circumstances were sufficient to give notice to the indorsee, or lead an ordinarily prudent man to make inquiry as to whether the note possessed any infirmity. (*Shellenberger v. Nourse,* 20 Ida. 323, 118 Pac. 508; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Park v. Brandt, supra;* 7 Cyc. 956 (8).)

In proving that a given person has knowledge of a given fact, it is competent to prove the notoriety of that fact in the neighborhood in which such person resides. (*Merrill v. Hole,* 85 Iowa, 66, 52 N. W. 4; *Jones v. Hatchett,* 14 Ala. 743; *Ward v. Herndon,* 5 Port. (Ala.) 382; *Brooks v. Thomas,* 8 Md. 367; *Hahn v. Penney,* 62 Minn. 116, 63 N. W. 843; *State v. Flint,* 60 Vt. 304, 14 Atl. 178.)

Where the good faith of a party who claims to be the holder in due course of a negotiable instrument is an issue upon which he has the burden of proof, the credibility of his testimony in support of that issue, although uncontradicted, is for the jury. (*First Nat. Bank v. Hall,* 31 Ida. 167, 169 Pac. 936; *Wright v. Spencer, ante,* p. 60, 226 Pac. 173.)

H. J. Swanson, for Respondent.

The court properly directed a verdict for respondent because; (a) Fraud is not pleaded nor proved in the required

manner as laid down by our supreme court. (*Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 206 Pac. 175.) (b) The respondent is a holder in due course. (1 Daniel, Neg. Inst., 6th ed., sec. 812; C. S., secs. 5919, 5923; *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52; *Park v. Brandt,* 20 Ida. 660, 119 Pac. 877; *Vaughn v. Johnson,* 20 Ida. 669, 19 Pac. 879, 37 L. R. A., N. S., 816.)

Granting that there was fraud in the inception of the note, yet the evidence shows so clearly that the respondent bank is a holder in due course that no fair-minded person could draw any other inference therefrom, and under such a situation the court is always warranted in directing a verdict in favor of the holder of the note. (*Southwest Nat. Bank of Kansas City v. Baker,* 23 Ida. 428, 130 Pac. 799; *Burdell v. Nereson,* 28 Ida. 129, 152 Pac. 576; *First State Bank of Oklahoma City v. Tobin,* 39 Okl. 96, 134 Pac. 395; *Fisk Rubber Co. of New York v. Pinkey,* 100 Wash. 220, 170 Pac. 581; *Larsen v. Betcher,* 114 Wash. 247, 195 Pac. 27; *Bank of Jordan Valley v. Duncan,* 105 Or. 105, 209 Pac. 149; *Angus v. Downs,* 85 Wash. 75, 147 Pac. 630, L. R. A. 1915E, 351; *Showalter v. Webb,* 42 Okl. 297, 141 Pac. 439; *Robertson v. United States Livestock Co.,* 164 Iowa, 230, 145 N. W. 535; *Delaney v. Brownwood,* 73 Colo. 83, 213 Pac. 578; *Piper v. Neylon,* 88 Neb. 253, 129 N. W. 277; *Citizens' Trust & Sav. Bank v. Stackhouse,* 91 S. C. 455, 74 S. E. 977; *Downs v. Horton,* 287 Mo. 414, 230 S. W. 103; *Bank of Hale v. Linneman* (Mo. App.), 235 S. W. 178; *Central Savings Bank & Trust Co. v. Wachman,* 221 Mich. 512, 191 N. W. 5; *City National Bank of Lincoln v. Jones,* 109 Neb. 724, 192 N. W. 509; *Edelen v. First Nat. Bank of Hagerstown,* 139 Md. 413, 115 Atl. 599; *Howard Nat. Bank v. Wilson* (Vt.)), 120 Atl. 889; *Goedhard v. Folstad* (Minn.), 195 N. W. 281; *Arnd v. Jones* (Iowa), 197 N. W. 45.)

In determining whether or not a plaintiff is a holder in due course neither the court nor the jury can disregard the uncontradicted testimony of the plaintiff, or of his witnesses, unless the facts and circumstances themselves impeach or

throw some doubt upon the credibility of said testimony. (*Showalter v. Webb, supra; Robertson v. United States Livestock Co., supra; Delaney v. Brownwood, supra; Piper v. Neylon, supra; City Nat. Bank of Lincoln v. Jones, supra.*)

The court did not err in sustaining objections to the questions asked by appellants' counsel as specified in assignments of error Nos. 4, 5, 6, 7 and 8.    (8 C. J., "Bills and Notes," sec. 726 (g), p. 517.)

McCARTHY, C. J.—This is an action upon a promissory note for $1,125, executed by appellant to Hibbard Bros., Inc., and transferred by that corporation to respondent by way of security. The appeal is taken from a judgment in favor of respondent entered upon a directed verdict. The principal specifications of error, and the only ones which we will expressly notice are as follows: (1) Directing a verdict in respondent's favor, (2) rejecting appellant's offer to prove that the corporate charter of Hibbard Bros., Inc., was duly forfeited by the state on December 1, 1919.

At the conclusion of the evidence the court directed a verdict for respondent. Appellant had set up fraud practiced on him by Hibbard Bros., Inc., in the inception of the note. Respondent contends that the court properly directed a verdict for it because fraud is not pleaded nor proved. We conclude that a case of fraud was pleaded and sufficient evidence was introduced to make a case for the jury, if that had been the only issue. (*Pocatello Security Trust Co. v. Henry*, 35 Ida. 321, 206 Pac. 175.)

However, pleading and proving that appellant was defrauded by Hibbard Bros., Inc., in the inception of the note was not decisive of the case. The note being negotiable, fraud practiced in its inception by Hibbard Bros., Inc., would not defeat respondent's right of recovery if it were a holder in due course; that is, if it took the note in good faith and for value, and without notice of any infirmity in the instrument or defect in the title of the person negotiating it.    (C. S., sec. 5919.)

"In an action on a negotiable promissory note when defendant pleads and proves that the note was procured by fraud, the plaintiff must show affirmatively that he took the note as a holder in due course."

"In such case the burden is on the plaintiff to show that he took without notice of the fraud." (*Wright v. Spencer, ante,* p. 60, 226 Pac. 173.) (*First Nat. Bank v. Hall,* 31 Ida. 167, 169 Pac. 936; C. S., sec. 5926.) In the present case respondent endeavored to sustain this burden of proof by testimony of its president, vice-president, cashier, assistant cashier, all the members of its loan committee, and the only one of its directors who was acquainted with the maker of the note, all of whom testified that they had no knowledge of any fraud practiced upon respondent in its inception. Appellant introduced testimony of one witness to the effect that about the time respondent took the note the general reputation for honesty and integrity of Hibbard Bros., Inc., and of its officers, J. A. Hibbard and W. E. Hibbard, was not very good in the vicinity of Pocatello where they were doing business and where respondent had its place of business.

Appellant contends that the question whether respondent took with knowledge of the fraud was for the jury because all of the witnesses who testified to a lack of such knowledge were its officers or employees and therefore interested. (*First Nat. Bank v. Hall, supra.*) In that case the court used the following language:

"In Massachusetts and North Carolina, in this class of cases, the courts have held that when the burden has been shifted to the plaintiff to show that he is a holder of negotiable paper in due course, the determination of the issue is always for the jury. . . . .

"The rule apparently followed in the cases of *Southwest National Bank v. Baker* and *Burdell v. Nereson, supra,* and announced in the majority opinion of the court in *Southwest National Bank v. Lindsley, supra,* to the effect that the question of whether or not a transferee of a promissory note is a *bona fide* purchaser in due course, is one for the jury,

save in those instances where the testimony is not only consistent with the good faith of such purchaser, but is such that no fair-minded person could draw any other inference therefrom, is subject, in that class of cases to which this one belongs, to the following modification: Where the good faith of a party who claims to be the holder in due course of a negotiable instrument is an issue upon which he has the burden of proof, the credibility of his testimony in support of that issue, though uncontradicted, is for the jury.''

If the credibility of the testimony of the holder of a promissory note, though uncontradicted, is always for the jury, it follows that the credibility of the testimony of officers of a corporation, though uncontradicted, is always for the jury. In that case there were circumstances which tended to show knowledge of the fraud on the part of Reed, the vice-president of the bank, who acted for it in the transaction, and who was the only witness testifying to a lack of knowledge on its part. The court said: ''These facts were proper for the jury to consider as circumstances in determining the credibility of Reed's testimony.''

Therefore, it was not necessary to base the decision upon the theory that the question is always one for the jury. Moreover, in several of the cases cited in the opinion it appeared that there was evidence of facts and circumstances tending to throw doubt upon the good faith of the holder of the note. Nevertheless if the language used in *First Nat. Bank v. Hall,* and referred to *supra,* is to be literally followed, it necessarily results that the court erred in directing a verdict and the judgment should be reversed. The Iowa cases cited and quoted from in the opinion have been modified by later Iowa cases. We conclude the better rule is that a verdict may be directed, even where the only testimony relied on by the holder of the note is his own or his agent's if they are unimpeached and uncontradicted, and no contrary inference can be drawn from the facts and circumstances shown by all the evidence. (*Com. Savings Bank of Washington v. Colthurst,* 195 Iowa, 1032, 188 N. W. 844, 191 N. W. 787; *Smith v. Breeding,* 196 Iowa, 670, 195

N. W. 208; *Robertson v. United States etc. Stock Co.,* 164
Iowa, 230, 135 N. W. 535. See, also, *Delaney v. Brown-
wood,* 73 Colo. 83, 213 Pac. 578; *Citizens' Trust & Sav.
Bank v. Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A.,
N. S., 454; *City Nat. Bank v. Jones,* 109 Neb. 724, 192
N. W. 509; *Edelen v. First Nat. Bank of Hagerstown,* 139
Md. 413, 115 Atl. 599.) Accordingly, the rule of *First Nat.
Bank v. Hall, supra,* is modified in accordance with the view
just above expressed.

The further question arises whether there was proof of
any fact which tended to contradict or impeach the testi-
mony of respondent's officers to the effect that they had no
knowledge of any fraud practiced in the inception of the
note. The officers who testified were all the officers who had
to do with the transaction or could be presumed to have any
knowledge concerning it. One Dr. Jamison, a witness for
appellant, was asked whether in November, 1919 (about the
time respondent took the note), he was acquainted with the
general reputation for honesty and integrity of Hibbard Bros.,
Inc., and of J. A. Hibbard and W. E. Hibbard, its officers,
in the vicinity of Pocatello, Idaho. Over objection he was
permitted to answer that he believed he was acquainted with
their general reputation and that it was not very good.
Appellant argues from this evidence that respondent's offi-
cers knew or should have known that Hibbard Bros., Inc.,
and its officers were lacking in integrity and honesty, and
therefore should have suspected there might be something
wrong about the transaction in which Hibbard Bros., Inc.,
acquired the note, and should have made inquiry. Appel-
lant cites several authorities in support of this contention
which we will briefly analyze. The first is *Merrill v. Hole*
(Iowa), 52 N. W. 4. In this case it was held that an article
in a newspaper, of which the transferee of a note was a
subscriber, and the fact that the transaction upon which
the note was based was the current talk of the town where
he lived, were admissible to prove that he knew or should
have known that the note was void. In *Ward et al. v.
Herndon,* 5 Port. (Ala.) 382, it is held:

"It is no departure from the rules of evidence, to prove the notoriety, in the neighborhood of a fact, already proved to exist, to lay the foundation for an inference, that defendants were cognizant of that fact."

In *Brooks v. Thomas,* 8 Md. 367, and *Hahn v. Penney,* 62 Minn. 116, 63 N. W. 843, it is held that evidence of reputation of a person as to solvency or insolvency is competent to prove notice or knowledge of such solvency or insolvency. In *State v. Flint,* 60 Vt. 304, 14 Atl. 178, it is held:

"Where defendant had told a man that he had not heard of the crime till a certain time, evidence that the matter was notorious in the community before that time is relevant to impeach defendant."

Where the issue is whether one has been negligent in failing to acquire information which he should have acquired, it may be that such evidence is relevant and competent. Where the issue is whether a party actually had knowledge of the fact in question it does not seem that such evidence is relevant or competent, unless in an extreme case where it appears that knowledge of the fact was so widespread in a community that no intelligent person could well have been ignorant of it. Great caution should be exercised in admitting such evidence. We are not prepared to hold that evidence of one witness that the reputation of Hibbard Bros., Inc., for honesty and integrity was not very good casts even a suspicion upon the good faith of respondent in taking the note or tends to contradict or impeach the evidence of its officers. In *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525, this court said:

"Under the provisions of sec. 3513 of the Rev. Codes, mere suspicious circumstances are not sufficient to charge the purchaser of a promissory note with bad faith and notice of equities and defenses, but in order to charge the paper in his hands with prior equities and defenses his notice must be actual, either of the facts constituting the equities and defenses or of such circumstances that his action in taking the paper in the face of such knowledge amounts to bad

faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by speculative issues as to diligence or negligence.''

Testing respondent's rights ''by the simple test of honesty and good faith and not by speculative issues as to diligence or negligence'' it does not seem to me that this bit of testimony as to the reputation of Hibbard Bros., Inc., required the submission of the case to the jury.

Appellant denied in his answer that Hibbard Bros., Inc., indorsed or transferred the note to respondent. Appellant offered to prove that on December 1, 1919, the charter of Hibbard Bros., Inc., was forfeited by the state of Idaho, through the action of the Secretary of State, as provided by the Compiled Statutes, and the court denied appellant the privilege of introducing such evidence. Appellant argues that, if the charter of the corporation was forfeited at the time it attempted to transfer the note to respondent, the transaction was void and no title passed. Without deciding as to the merit of this contention, it appears from the uncontradicted evidence that the note was indorsed to respondent on or about November 20, 1919, in any event before December 1st. Therefore the evidence was immaterial and properly rejected.

We have examined the other specifications of error and do not find merit in any of them.

The judgment is affirmed, with costs to respondent.

William A. Lee and Wm. E. Lee, JJ., concur.

Dunn, J., dissents.